MANUEL DÍAZ FREYTES, demandante y recurrido, *v.* M. M. M., demandada y recurrente.

*Número:* R-80-52      *Resuelto:* 30 de junio de 1980

*Federico Valladares Fuenlabrada* y *Arturo Resa De La Fuente,* abogados de la recurrente; *Figueroa & Nassar,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Las partes, durante su noviazgo, sostuvieron relaciones sexuales. El padre de la menor M. M. M. se reunió con Manuel manifestándole que tenía que casarse con su hija "o de lo contrario tendría problemas". Celebrado el matrimonio el 31 de julio de 1979, los contrayentes fueron a vivir cada uno con sus progenitores. Al tiempo él presentó demanda solicitando su nulidad, aduciendo básicamente que el consentimiento de ambos estaba viciado "por estar intimidados emo-

cionalmente por sus respectivos padres" y que "la presión que le fue creada al demandante, emocional y moralmente, lo atemorizó". La demandada negó tales alegaciones. El Tribunal Superior, Sala de San Juan, anuló el matrimonio, concluyendo como cuestión de hecho que "la conversación entre el padre de la demandada y el demandante causó en este último un estado anímico de incertidumbre, aprehensión y miedo ante las posibles consecuencias de no acceder a la exigencia del Sr. Martínez de que se casara con su hija la demandada". Además, expresó que "teniendo en mente la totalidad de las circunstancias presentes [Díaz Freytes] contrajo matrimonio con la demandante [*sic*] sintiéndose intimidado y presionado a hacerlo"

## I

Erró. El Art. 95 de nuestro Código Civil, en armonía con el 73 del mismo cuerpo, establece la disolución por nulidad del vínculo matrimonial cuando el consentimiento es ineficaz por haber sido "obtenido por violencia o intimidación", 31 L.P.R.A. secs. 241, 301. Desde principios de siglo decidimos en *López* v. *Valdespino*, 6 D.P.R. 354 (1ra ed.), 172 (2da ed.) (1904), que el que se apercibiera a una persona de las sanciones criminales a que estaría sujeta de no contraer matrimonio con aquella cuya honra había ofendido, no constituía intimidación suficiente para viciar el consentimiento. Esta norma fue reiterada en *Fernández* v. *García*, 75 D.P.R. 472 (1953), y *Calderón* v. *Vallecillo*, 77 D.P.R. 859 (1955). En *Fernández*, no constituyó coacción o intimidación la amonestación hecha al demandante por un Juez de Paz de que sería procesado por seducción si no contraía matrimonio, y en *Calderón*, expresamos que el concepto de *intimidación* era algo sustancialmente distinto al de *violencia*, comprendiendo el primero *coacción moral o miedo*, y el segundo, *coacción física*.

Bajo el Art. 101 del Código Civil español —concordante con el 73 nuestro— se reconoce la *fuerza o miedo* como vicio

del consentimiento, y por ende, causa de nulidad, proveniente de la regulación del matrimonio en el derecho canónico. E. Lalaguna Domínguez, *La Nulidad del Matrimonio Después de la Constitución*, T. LXXIX, núms. 1 y 2 Rev. G. de Leg. y Jurisp. 3, 177 (1979) ; J. Mans, *Nulidad del Matrimonio*, 57 Revista Jur. de Cataluña 511 (1958). Se entiende igualmente que el *miedo* que puede dar lugar a vicio del consentimiento es el miedo *grave*, antijurídico, proveniente de causa ajena o externa, como las amenazas hechas contra derecho. Se consideran de importancia también las circunstancias personales del cónyuge que alega sufrió tal miedo.

■ Así, en cuanto a la fuerza o miedo, se ha dicho:

La *fuerza* o *violencia* puede ser *absoluta,* que es aquella que quita *totalmente* el consentimiento, viniendo a ser una *coacción* que se hace al cuerpo con pleno *disentimiento* del forzado o violentado, el cual no puede sustraerse a ella, pudiendo llegar a *perturbarle* o *privarle del uso de la razón;* y puede ser también *relativa* o *moral,* que se llama igualmente *compulsiva* o *causativa,* y es una fuerza que *disminuye el consentimiento* sin quitarlo totalmente sino que puede afirmarse que el consentimiento permanece en cuanto a su substancia o esencia.

Puede ser *el miedo, ab extrínseco,* que es el infundido por una causa externa, necesaria o libre y *ab intrínseco,* que es el que brota de una causa interna. Será *justo,* cuando el mal con que se amenaza se pone con pleno derecho; y será *injusto,* cuando el mal con que se amenaza se pone sin derecho alguno para ello. Hay también miedo *grave, leve y reverencial.* Será *miedo grave* el que reúna estas dos condiciones: que el mal que amenaza sea *grave,* bien en sí mismo (la muerte, la cárcel, el destierro, etc.), bien relativamente a la persona que sufre el miedo, habida cuenta de su edad, sexo, condición; y que, el mal sea *inminente* e irremediable, si no se hace aquello que, sin la amenaza, no se elegiría. Miedo *leve* es el que no reúne tales condiciones. Y miedo *reverencial* es el que se tiene a aquellas personas bajo cuya potestad se vive: los padres, los amos . . . Tal miedo reverencial es *leve,* a menos que la *indignación* en que se tema incurrir sea *grave, seria* y *constante,* acompañada de instancias importunas, amenazas, castigos duros, desheredación, etc.; en cuyo caso podría llegar a ser *grave.* L. Quintana Reynés, *Las Causas de Nuli-*

*dad de Matrimonio y su Tramitación,* Barcelona, Ed. Bosch, 1941, pág. 124.

Por otro lado, Manresa nos orienta:

Lo mismo que respecto al error puede suceder en cuanto al miedo, unas veces anula el matrimonio en cuya celebración ha intervenido y otras no le anula.

Procurando establecer alguna regla a qué atenerse para resolver la duda, dividen el miedo los tratadistas en *grave* o *leve,* en *impuesto por la naturaleza o por el hombre,* y estiman que sólo podrá ser causa de nulidad el grave, y no en todos los casos, puesto que si es producido por causa natural, como guerra, tormenta o peste, por ejemplo, o si se origina de la amenaza hecha al estuprador de poner su delito en noticia de los Tribunales, o de un motivo análogo, el vínculo contraído será válido; diciéndose del miedo de esta última especie que es *causado sin injuria.*

Hay que tener además presente que no es indispensable que el miedo grave recaiga directamente sobre la persona que ha contraído, sino que será bastante para producir efectos que el peligro amenace a alguno de sus parientes allegados, y que es preciso considerar en cada caso el sexo, edad, condición moral, etc., del que al miedo ha sucumbido. De modo que, para que éste anule el matrimonio, es indispensable que sea grave e impuesto *contra derecho* por el hombre.

En cuanto a la fuerza, siempre es tenida como causa suficiente de nulidad; porque en los actos por fuerza ejecutados nunca hay consentimiento, a diferencia de lo que acontece con el miedo, que da lugar a que el sujeto delibere entre rendirse o sobreponerse a él. *Comentarios al Código Civil Español,* 7ma ed., T. I, págs. 548–49.(¹)

---

(¹) Véase también Lacruz Berdejo y Sancho Rebullida, *Derecho de Familia,* 1978, T. I, págs. 49–50; Puig Brutau, *Fundamentos de Derecho Civil Español,* 1967, T. IV, Vol. I, pág. 74. Espín Cánovas, en su *Manual de Derecho Civil Español,* 1963, Vol. 4, págs. 44, 71, dice que el miedo no ha de provenir de una mera representación síquica del que lo sufre.

Para un estudio comparado de los artículos equivalentes al 101 Español y al 73 nuestro en América Latina consúltese Gallardo, *Divorcio, Separación de Cuerpos y Nulidad del Matrimonio en las Naciones Latino-americanas,* Madrid, 1957. Merece destacarse lo preciso del articulado correspondiente en Méjico que declara nulo el matrimonio contraído bajo el

## II

■ El examen de la doctrina sobre el particular nos mueve a concluir que la conversación del demandante-recurrido con el padre de la recurrente, en la cual éste comunica su sentir de que debía casarse con ella o de lo contrario tendría problemas con él, no constituye hecho suficiente para intimidar hasta el punto de anular la eficacia del consentimiento prestado. No surge de los autos que hubiera prueba de una amenaza grave de causarle un daño o mal que fuera contraria a derecho o antijurídica. Nos explicamos. No hay prueba alguna que permita trazar la continuación de la alegada intimidación luego del evento aislado de la conversación habida y hasta el momento de la celebración del matrimonio en donde todavía, libre de coacción, si alguna, el demandante pudo haber negado su consentimiento. Ciertamente la situación no es a tal grado y tan intensa como la considerada en nuestra jurisprudencia en torno a la amenaza de un posible encausamiento y sanción criminal. Este hecho, unido al examen de las circunstancias del demandante-recurrido en cuanto a su mayoría de edad y preparación académica universitaria, corrobora nuestra opinión de que muy difícilmente se le causó aquel "temor grave" requerido que viciara su consentimiento. (²)

---

imperio de la violencia o del temor grave, expresándose en otro artículo que para que el temor y la violencia sean considerados como causas de nulidad es necesario que concurran tres requisitos complementarios: (1) que a consecuencia del temor o la violencia haya peligro de perder la vida, el honor, la libertad, la salud, o una parte considerable de los bienes pertenecientes al cónyuge que ha sido víctima del temor o la violencia; (2) que el temor y la violencia ejercida sobre la persona de los hijos, que se encuentran bajo la patria potestad o tutela, provengan de la persona que ejerce esa patria potestad o tutela; (3) que el temor y la violencia hayan existido o subsistan en el momento de la celebración del matrimonio. Gallardo, *op. cit.,* pág. 410. También: L. Fernández Clérigo, *El Derecho de Familia en la Legislación Comparada,* Méjico, 1947, págs. 104–106.

(²) Independientemente de si es apropiado o no utilizar, para el análisis de lo que constituye intimidación o violencia, el articulado relativo a los contratos comunes de nuestro Código Civil, el hacerlo podría llevarnos

No "se concreta [en el caso de autos e]l temor racional y fundado de sufrir un mal inminente y grave en la persona o bienes del interesado, o en la persona o bienes de sus ascendientes o descendientes". E. Vázquez Bote, *Notas Sobre el Matrimonio en Derecho Puertorriqueño*, T. LXXII, núm. 3 Rev. G. Leg. y Jurisp. 237, 264 (1976).

*Se dictará sentencia expidiendo el auto y revocando la del tribunal de instancia.*

al mismo resultado bajo el Art. 1219 del Código, 31 L.P.R.A. sec. 3406, según el cual el temor de desagradar a las personas a quienes se debe sumisión y respeto no constituye intimidación.