Rossy García, Juez Ponente
*1112 TEXTO COMPLETO DE LA SENTENCIA
En la práctica apelativa la jurisdicción no se presume. Los apelantes tienen que invocarla y acreditarla toda vez, que previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene jurisdicción para entender en el mismo Soc. de Gananciales v. A.F.F., 108 D.P.R. 644, 645 (1979).
En el caso que nos ocupa la apelante, lejos de acreditar la jurisdicción de este foro apelativo para entender en los méritos del recurso interpuesto, hace una exposición del trámite procesal habido previo a la interposición del mismo que nos conduce a un solo curso decisional, decretar su desestimación por falta de jurisdicción. Veamos.
I
La Regla 14(A) del Reglamento del Tribunal de Circuito de Apelaciones indica que la apelación se formalizará "conforme a las disposiciones pertinentes de las Reglas de Procedimiento Civil o Procedimiento Criminal". Por su parte la Regla 53 de las de Procedimiento Civil regula el procedimiento para interponer una apelación. Específicamente la Regla 53.1, 32 L.P.R.A. Ap. III, dispone que en los casos civiles el plazo será el de treinta (30) días siguientes al archivo en autos de copia de la notificación de la sentencia. A su vez la Regla 53.2 dispone en lo pertinente que "[el] apelante notificará la presentación del escrito de apelación a todas las partes o sus abogados de récord dentro del término para apelar en la forma prescrita en la Regla 67. Cuando la notificación se hiciere por correo, deberá hacerse por correo certificado con acuse de recibo".
Observamos así que son dos los requisitos de naturaleza jurisdiccional para el perfeccionamiento del recurso de apelación. El primero es la presentación del escrito dentro del término de treinta (30) días siguientes al archivo en autos de copia de la notificación de la sentencia. Dicho término es jurisdiccional y por lo tanto no puede ser prorrogado por el tribunal apelativo. Pueblo v. Miranda Colón, 115 D.P.R. 511, 513 (1984); González Santos v. Bourns Puerto Rico, Inc., 125 D.P.R. _ (1989), 89 J.T.S. 107 a la pág. 7277. El otro requisito es la notificación del recurso a las partes adversas dentro de dicho término, habiéndose establecido en forma clara que el requisito de notificación a las otras partes dentro del plazo para apelar es de carácter jurisdiccional, José A. Cuevas Segarra, Práctica Apelativa, Publicaciones J.T.S. (1993), a la pág 7; Ramos v. Condominio Diplomat, 117 D.P.R. 641, 644 (1986), por lo que su incumplimiento priva al tribunal apelativo de autoridad para atender el recurso, Ortiz Rivera v. Agostini, 93 D.P.R. 221 (1986). Es decir, el efecto de no presentar el recurso y notificar el escrito de apelación dentro de los treinta (30) días es que priva al tribunal de jurisdicción para considerar los méritos del mismo. Id., a la pág. 225.
Tales exigencias de naturaleza jurisdiccional fueron incorporadas con igual alcance en la Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones, la que dispone en lo pertinente como sigue:

"Regla 14. Modo de formalizar la apelación

(A) La apelación de cualquier sentencia en un caso originado en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, salvo aquellas apelables directamente al Tribunal Supremo, se formalizará al presentarse un escrito de apelación en la Secretaría del Tribunal de Instancia que dictó la sentencia y cuatro (4) copias del mismo en la Secretaría del Tribunal de Circuito de apelaciones conforme a las disposiciones pertinentes de las reglas de Procedimiento Civil o de Procedimiento Criminal.

(C) Notificación de la apelación

La notificación de la presentación del escrito de apelación se efectuará mediante entrega personal, por correo certificado con acuse de recibo o por cualquier otro medio autorizado

(1) Casos Civiles

*1113
El apelante notificará con copia del escrito de apelación a los abogados de todas las partes o, en su defecto, a éstas, antes o en la misma fecha de su presentación, y certificará el haber efectuado tales notificaciones en el mismo escrito de apelación.

Aplicando los principios de derecho antes reseñados a la situación particular del caso que nos ocupa, observamos que el recurso instado en el caso de epígrafe interesa la revocación de una sentencia desestimatoria de la acción instada por los apelantes, la que fue-emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, el 19 de julio de 1995. Copia de ésta fue archivada en autos y notificada el 26 de julio de 1995. Expone así la apelante que presentó en tiempo oportuno una moción de reconsideración que fue declarada "No Ha Lugar", procediendo entonces a presentar el recurso que nos ocupa el 28 de agosto de 1995. En igual fecha, según certificado por la apelante en el recurso, notificó copia del mismo a los apelados por correo certificado. Evidente resulta que el recurso fue interpuesto y notificado fuera del término jurisdiccional de treinta (30) días antes indicado, el que expiró el 25 de agosto de 1995.
II
Tampoco mejora en forma alguna la situación de la apelante el hecho de que hubiera interpuesto en tiempo oportuno, como ella indica, una moción de reconsideración, toda vez que la misma fue declarada sin lugar de plano. En cuanto a este último extremo y como sabemos, la presentación de una moción de reconsideración en tiempo oportuno no tiene el efecto de interrumpir automáticamente el término para solicitar la revisión del dictamen del tribunal. Para tener tal efecto tiene que ser acogida. Soc. de Gananciales v. A.F.F., 108 D.P.R. 644, 646.
En lo que respecta a la forma en que una moción de reconsideración interrumpe el plazo de apelación, el Tribunal Supremo lo explicó con claridad en Rodríguez Rivera v. Autoridad de Carreteras, 110 D.P.R. 184 (1980). Allí indicó que el término se considerará como que nunca fue interrumpido en aquellos casos donde el tribunal de instancia la rechaza de plano o deja de tomar alguna acción con relación a la misma dentro de los diez (10) días de presentada. Si el tribunal la rechaza con un mero no ha lugar sin oir a las partes, se considerará que la moción fue rechazada de plano. Por otro lado, si señala vista para oir a las partes o se dirige a la parte adversa para que exponga su posición por escrito, o fundamenta su resolución declarando sin lugar la moción, se tendrá por interrumpido el término para apelar o solicitar revisión. Id., a la pág. 187. Podemos así concluir que frente a una moción de reconsideración presentada en tiempo oportuno el tribunal tiene tres opciones respecto a la misma, a saber. (1) tomar, dentro del mencionado término de diez días, "alguna determinación" respecto a la referida moción —por ejemplo, señalar la misma para vista, concederle término a la otra parte para que se exprese, etc.— en cuya situación se entiende interrumpido el término de revisión; (2) declararla expresamente sin lugar dentro del mencionado término de diez días; y (3) dejar transcurrir el término de diez días —lo que la propia Regla 47 califica como "rechazar de plano"— sin tomar acción alguna respecto a la moción radicada. En estas dos últimas situaciones, se considerará que el término de revisión nunca fue interrumpido. Villanueva v. Hernández Class, 91 J.T.S. 58, a la pág. 8694. Véanse además, Núñez González v. Jiménez Miranda, 122 D.P.R 134, 138 (1988); Pérez Rodríguez v. P.R. Park Systems, 119 D.P.R. 634, 641 (1987); Rodríguez Rivera v. Autoridad de Carreteras, 110 D.P.R. 187 (1980); Sociedad de Gananciales v. A.F.F., 108 D.P.R. 644, 646 (1979); De León Velázquez v. Frito Lay's, Inc., 107 D P.R. 47, 49 (1978).
En el caso que nos ocupa y según ya indicado, el tribunal apelado declaró sin lugar de plano la moción de reconsideración presentada por la apelante. Siendo ello así, el término que tenían los apelantes para presentar su escrito de apelación no quedó interrumpido, siendo el último día hábil para presentar el mismo el 25 de agosto de 1995, esto es, treinta (30) días contados a partir del 26 de julio de 1995, fecha de archivo en autos de copia de la notificación de la sentencia apelada. Forzoso resulta entonces concluir que habiendo interpuesto la apelante el recurso que nos ocupa el 28 de agosto de 1995, ya había expirado el término jurisdiccional de treinta (30) días que tenían para presentar y notificar el mismo. En consecuencia, carecemos de jurisdicción para considerar sus méritos. Como bien se ha expresado, la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogarse la jurisdicción que no tiene, careciendo éste de discreción para asumir jurisdicción donde no la hay. Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (1980); Maldonado v. Pichardo, 104 D.P.R. *1114 778 (1976).
III
Por los fundamentos antes expuestos, se decreta la desestimación del recurso instado en el caso de epígrafe por falta de jurisdicción
Lo acuerda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 285
1. Véase Escrito de Apelación, pág. 2.
2. Apropiado resulta aquí señalar que aún cuando la parte perdidosa haya presentado en término una moción de reconsideración, puede presentar el correspondiente recurso de apelación aunque el tribunal de instancia no hubiese resuelto su moción Dávila v. Collazo, 50 D.P.R. 494 (1936). En tal caso el tribunal apelado pierde jurisdicción para seguir entendiendo en la moción El Mundo, Inc. v Tribunal Superior, 92 D P.R. 791 (1965).