Iván A. Ramos, demandante y recurrido, *v.* Condominio Diplomat y/o su Consejo de Titulares, demandados y recurrentes.

Número: CE-86-254        Resuelto: 30 de junio de 1986

*Carlos Roberto Vélez,* abogado de los recurrentes; *Iván A. Ramos, pro se.*

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

El 6 de diciembre de 1985, último día hábil en que vencía el plazo de treinta (30) días, Condominio Diplomat apeló ante el Tribunal Superior una decisión del Tribunal de Distrito. El Tribunal Superior, Sala de San Juan, desestimó el recurso por el fundamento de no haberse acreditado que su notificación a la parte recurrida, Iván A. Ramos, se hizo por correo certificado. A juicio del ilustrado foro de instancia, cuando la notificación se realiza mediante correo certificado, ésta se perfecciona con "el depósito de la misma en el correo". En sentido

contrario interpretó, que si se utiliza la vía ordinaria, la notificación se perfecciona *cuando es recibida por la parte a quien se dirige*. En resumen, según dicho razonamiento, el método de notificación por correo ordinario no goza del beneficio de quedar perfeccionado cuando se deposita en el correo.

A solicitud de Condominio Diplomat, mediante orden de mostrar causa, revisamos.

## II

■ En *Campos del Toro* v. *Ame. Transit. Corp.*, 113 D.P.R. 337, 347 (1982), rebasamos el enfoque literal de la Regla 53.2 de Procedimiento Civil fijado en *Insular Feed Corp.* v. *Díaz* —99 D.P.R. 145, 149 (1970)— y expresamos:

. . . el requisito de notificación mediante correo certificado a que se refiere la Regla 53.3 de Procedimiento Civil *no es lo determinante de nuestra jurisdicción*. Lo determinante es que la notificación se haga "dentro del término" para solicitar la revisión. *Dicha notificación se perfecciona si se hace por correo, "al ser depositada en el correo".* (Énfasis suplido y citas omitidas.)

■ Este pronunciamiento nos permite esclarecer diáfanamente que el mecanismo del correo ordinario puede ser utilizado sin que se contravenga la aludida Regla 53.2. Así lo contemplamos en dicha decisión: "El requisito de que, si se hace la notificación por correo se haga por correo certificado, es uno de conveniencia a los fines de establecer cumplidamente y sin lugar a dudas la fecha del depósito en el correo. Ello no quiere decir que por otros medios, igualmente efectivos, no pueda establecerse la fecha de la notificación."

■ De lo expuesto no surge, como concluyó el tribunal de instancia, que exista al presente distinción válida entre correo certificado u ordinario a los efectos de determinar el momento en que se *perfecciona* una notificación. Nuestras expresiones en el sentido de que cuando se utiliza el mecanismo de correo ordinario lo determinante es *probar la fecha del de-*

*pósito en el correo,* significan que el acto del depósito es lo crucial para propósitos de estimarse perfeccionada a tiempo la notificación. Así, quien utiliza sabiamente la vía del correo certificado está relevado de probar la fecha en que depositó la notificación en el correo. A la inversa, al usuario del correo ordinario no le acompaña la fehaciencia del correo certificado. Por ende, potencialmente, crea a su riesgo una controversia. Le corresponde acreditar mediante prueba suficiente. Se expone a que se desestime su recurso de no concederle el tribunal apelativo crédito o valor probatorio en cuanto a la fecha del depósito. Por tal razón la buena práctica forense aconseja en estos casos el uso del correo certificado.

## III

■ Esclarecida la norma jurisprudencial, atendemos los planteamientos formulados en la comparecencia del recurrido Ramos. En síntesis, nos expone que la notificación no fue efectuada el 6 de diciembre, sino con posterioridad. A tal efecto, invita nuestra atención y nos acompaña como *Exhibit* A, el *original* del sobre en que se le acompañó la notificación. De ordinario, este documento, por no haber sido presentado ante el tribunal de instancia, no debería ser considerado en esta etapa de revisión. Lo hacemos por vía de excepción, sin prejuzgar la cuestión y únicamente para limitados fines decisorios en cuanto a pautar la juridicidad y alcance de la práctica forense según las reglas procesales vigentes.

■ En lo pertinente, notamos que dicho sobre tiene dos impresos. Uno producido en letras rojas por un metro postal (*postal meter*) de los que se tienen para uso interno y doméstico en las oficinas y es susceptible de cambiarse sus fechas. El otro, propiamente es el matasellos del sistema de correo federal, impreso en letras negras, con que se inutiliza el sello del documento. Nos aduce que lo determinante es este matasello, correspondiente al correo federal. Tiene razón.

La fraseología y espíritu en que están cimentadas las reglas procesales tienen como criterio rector el *depósito en el correo* en este tipo de notificación. Razones prácticas, de claro entendimiento, impiden que aceptemos como fecha de notificación postal, los sellos, sean del tipo que se adhiere o de los que se imprimen mediante el referido metro postal. Lo decisivo es la fecha del matasello que constituye la prueba real, de ordinario coetánea, del depósito en el correo.

Por los fundamentos expuestos, *se dictará sentencia que expide el auto y deja sin efecto la desestimación decretada por el Tribunal Superior, Sala de San Juan, el 20 de marzo de 1986. Dicho foro dará oportunidad a las partes para que diriman la cuestión en torno a la verdadera fecha del depósito en el correo de la notificación del escrito de apelación.* ([1])

El Juez Presidente Señor Pons Núñez no intervino.

---

([1]) El examen del original del sobre refleja además que la fecha en que se imprimió el sello con la máquina de metro postal no es clara. Aparenta tener las características inconclusas del número ocho (8). Igual sucede con la fecha del matasello postal. Tiene visiblemente un cuatro (4) precedido de un trozo exiguo de una línea vertical. Podría ser el número uno (1).

En instancia, el recurrido Ramos sometió una declaración jurada, junto a otra de su secretaria, donde expone que el sobre y la notificación se recibieron el 17 de diciembre. Repetimos, nos abstenemos de dirimir la cuestión. También de evaluar los méritos del recurso. Debe ser el foro de instancia quien dilucide ambas cuestiones. Para ello en su oportunidad, se autoriza a esta Secretaría el desglose y remisión directa del original del aludido sobre (*Exhibit* A).