# 95 DTA 165

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I REGION JUDICIAL DE SAN JUAN

CONCRETO MIXTO INC.
Demandante

v.

ANTARCTICA INC., JORGE SOUSS Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR JORGE SOUSS Y LOURDES TAPIA
Demandado-Apelante y Demandado-Apelado, respectivamente

JORGE SOUSS Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR JORGE SOUSS Y LOURDES TAPIA
Demandantes Contra Terceros Apelados

v.

JOSE A. LOPEZ KNEZEVICH, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLOS
Terceros Demandados Apelantes

Núm. KLAN-95-00200

San Juan, Puerto Rico, a 31 de mayo de 1995

Panel integrado por su presidenta, Juez Fiol Matta
la Juez Rodríguez de Oronoz y el Juez Gierbolini

Rodríguez de Oronoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte apelante recurre de una sentencia emitida por el Tribunal de Distrito, Sala de San Juan (Hon. Hector R. Brull Cestero, J.) de 6 de febrero de 1995, cuya notificación fue archivada en autos el 10 de febrero del mismo año. El escrito de apelación fue presentado oportunamente el 13 de marzo de 1995, pero no fue notificado a la parte apelada hasta el día siguiente.

La parte apelada nos pide que desestimemos el recurso argumentando que el escrito de apelación no sólo debe ser presentado dentro del término de treinta (30) días (Regla 53.1(a) de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 53) sino que, además, debe notificarse a los abogados de todas las partes en el caso dentro de dicho término. Regla 53.2 y 67 de Procedimiento Civil, *supra; Ramos v. Condominio Diplomat,* 117 D.P.R. 641 (1986). Añade dicha parte que de las partes no ser notificadas del escrito de apelación dentro del término de treinta (30) días, el tribunal apelativo pierde jurisdicción para considerar el asunto planteado. Veamos.

La Ley de la Judicatura de 1994, de 28 de julio, no estatuye términos para entablar recurso de apelación ante el Tribunal de Circuito de Apelaciones de las sentencias finales dictadas en casos originados en el Tribunal de Primera Instancia, incluyendo la Sub-sección de Distrito durante el proceso de su abolición.

El Reglamento del Tribunal de Circuito de Apelaciones, aprobado por el Tribunal Supremo el 13 de enero de 1995, por su parte, no dispone los términos que aplicarán para formalizar una apelación ante el Tribunal de Circuito de Apelaciones. El aludido Reglamento es silente también en cuanto al término que regirá para notificarle a las partes la presentación del escrito de apelación.

Dejando a un lado lo concerniente a los términos que rigen en cuanto a las apelaciones en casos criminales, por no ser aplicables al caso de autos, encontramos que en cuanto al modo de formalizar la apelación en casos civiles, la Regla 14(C) del Reglamento de este Tribunal

especifica que la notificación de la presentación del escrito de apelación se efectuará mediante entrega personal, por correo certificado con acuse de recibo o por cualquier otro medio autorizado y, además, que el apelante notificará, con copia del escrito de apelación, a los abogados de todas las partes en su defecto, a éstas *"antes o en la misma fecha de su presentación, y certificará el haber efectuado tales notificaciones en el mismo escrito de apelación"*. Por otro lado, la Regla 53(A) de nuestro Reglamento establece lo siguiente:

*"Regla 53. Disposiciones supletorias*

*(A) En situaciones procesales no previstas por este reglamento, aplicarán supletoriamente las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal y el Reglamento del Tribunal Supremo. En ausencia de disposición alguna, el Tribunal de Circuito de Apelaciones encauzará el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes."*

Como vemos, pues, por no existir un término para entablar y notificar los escritos de apelación ante el Tribunal de Circuito de Apelaciones en casos de naturaleza civil provenientes del Tribunal de Primera Instancia, aplican supletoriamente aquellos que se proveen en las Reglas de Procedimiento Civil.

Con relación al término para presentar recursos de apelación en casos civiles, las Reglas de Procedimiento Civil vigentes establecen que el término para formalizar la apelaciones es de treinta (30) días, siguientes al archivo en autos de una copia de la notificación de la sentencia Regla 53.1(a), *supra*.

Por otro lado, las Reglas de Procedimiento Civil requieren que el apelante notifique la presentación del escrito de apelación a todas las partes o a sus abogados de récord dentro del término para apelar. Regla 53.2, *supra*.

Una lectura de la Regla 14(C) de nuestro Reglamento sugiere que, en efecto, la notificación del escrito de apelación debe hacerse antes de o con la presentación del recurso y no después. En esto se aleja del texto de la Regla 53.2 de Procedimiento Civil, que permite la notificación del escrito después de presentado, siempre que se haga antes de que expire el plazo dispuesto por las reglas para instar el recurso.

La realidad es que los casos que han reconocido la naturaleza jurisdiccional del plazo para notificar el recurso han resuelto que lo determinante de la jurisdicción es que la notificación se haga dentro del término para solicitar la revisión. *Ramos v. Condominio Diplomat, supra.*

Mas no es necesario, para resolver el presente caso, dirimir la variación significativa que presenta la Regla 14(C) de nuestro Reglamento con la práctica apelativa que se regula en las Reglas de Procedimiento Civil y que permite la notificación posterior a la fecha de presentación del recurso, siempre que dicha notificación se haga dentro del término para solicitar la apelación.

El problema que confronta la parte apelante en el caso de marras es que la notificación a la parte apelada fue tardía bajo cualquiera de los dos criterios. El término para presentar la apelación vencía el 12 de marzo de 1995. Por tratarse de un domingo, el término se extendió hasta el próximo día laborable, esto es, el lunes 13 de marzo de 1995. Regla 68.1 de Procedimiento Civil. La parte apelante notificó su escrito de apelación el día 14 de marzo de 1995. No lo hizo ni antes de presentar el escrito de apelación, ni en la misma fecha de su presentación, Regla 14(C) de nuestro Reglamento; ni dentro del término para solicitar la apelación, Regla 53.2 de Procedimiento Civil. Para la fecha en que lo hizo ya había vencido el término dentro del cual debió notificarse el escrito de apelación.

Debemos, por último, desaprobar la conducta de la parte apelante quien nos certificó, en el escrito de apelación, que notificó copia de dicho escrito a la parte apelada el 13 de marzo de 1995. Aunque la certificación errónea no haya tenido la intención de inducir a error al Tribunal para evitar el curso decisional obligatorio en el caso, apercibimos a la representación legal del apelante que tal práctica no debe repetirse ante este foro apelativo.

A tenor con la autorización que nos concede la Regla 31(B)(2) --que provee para la desestimación de recursos que no hayan sido perfeccionados de acuerdo con la ley-- procede declarar con lugar la moción de desestimación presentada por Concreto Mixto, Inc. En virtud de lo aquí resuelto se hace innecesario considerar la moción de desestimación presentada por Jorge Souss Villalobos, su esposa, y la Sociedad Legal de Gananciales compuesta por ellos.

Con estos antecedentes, se dicta sentencia desestimando la apelación instada. Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General