# 95 DTA 171

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

IVONNE FIGUEROA HERNANDEZ
Demandante-Apelante

v.

RUBEN DEL ROSARIO CERVONI
Demandada-Apelada

Núm. KLCE-95-00320

San Juan, Puerto Rico, a 2 de junio de 1995

Panel integrado por su presidenta, la Juez Fiol Matta
la Juez Rodríguez de Oronoz y el Juez Gierbolini

Gilberto Gierbolini, Juez Ponente

### TEXTO COMPLETO DE LA RESOLUCION

El 22 de mayo de 1995 la demandante Ivonne Figueroa Hernández presentó una moción en donde solicita la reconsideración de una Sentencia emitida por este Tribunal el 17 de mayo de 1995 y cuya copia de la notificación se archivó en autos el 19 de mayo de 1995. Mediante ésta, desestimamos un recurso de *certiorari* y una moción de auxilio de jurisdicción presentada, en carácter de interventor, por el Departamento de Servicios Sociales del Estado Libre Asociado de Puerto Rico. En su comparecencia a este Tribunal, el Departamento de Servicios Sociales solicitaba la revocación de una Orden emitida en el caso de epígrafe el 11 de mayo de 1995 por el Tribunal de Primera Instancia, Sub Sección de Distrito, Sala de San Juan. En dicha Orden el tribunal de instancia autorizaba de forma provisional y sin supervisión las relaciones paterno filiales del demandado Rubén del Rosario Cervoni con su hijo menor de edad Rubén del Rosario Figueroa.

El 30 de mayo de 1995 emitimos la siguiente Orden:

*"Examinado el escrito titulado "Moción de Reconsideración", el Tribunal le ORDENA a la Secretaría del Tribunal de Primera Instancia, Sala de San Juan, Asuntos Relaciones de Familia, para que proceda en o antes de las 3:00 PM del día de hoy, a referir a este Tribunal el expediente del caso de epígrafe incluyendo todo informe confidencial preparado en el mismo y en específico el de la Trabajadora Social Nilda L. Rosa.*

*En o antes del próximo jueves 1 de junio, a las 12:00 del mediodía, la parte recurrida se expresará referente a la Moción de Reconsideración presentada en este caso.*

*Por la naturaleza urgente de este asunto, notifíquese de esta Orden inmediatamente vía teléfono y por fax."*

Ante nuestra consideración hemos tenido dicho expediente, así como la posición de la parte recurrida, y luego de un cuidadoso análisis de la moción de reconsideración presentada, resolvemos que **NO PROCEDE** modificar nuestro dictamen.

## I

Al momento de comenzar la vista el 11 de mayo de 1995, el único informe social recibido por el tribunal de instancia era el que presentó la Trabajadora Social, Sra. Nilda L. Rosa, el 18 de abril de 1995 y complementado el 9 de mayo. Este complemento fue como resultado de tres sesiones de dicha trabajadora social con la señora Figueroa, el señor Del Rosario y el hijo de éstos, los días 2, 8 y 9 de mayo pasado. Su encomienda fue realizada por un requerimiento del propio tribunal hecho el 22 de diciembre de 1994. Existía mientras tanto, otro informe preparado por la Dra. Doris G. Knudson y el Trabajador Social, Sr. Raimundo Poza González, con fecha del 10 de mayo de 1995. Estos prepararon el informe a solicitud de la aquí promovente como parte de sus labores en el *"Proyecto Amanecer"* y tras serle referido el caso a dicha entidad privada por la Oficina Regional de San Juan del Departamento de Servicios Sociales para evaluar si el niño era víctima de maltrato. En dicho informe se recomendaba que las relaciones paterno filiales fueran en un principio supervisadas.

Aunque este informe no fue presentado al tribunal de instancia, de manera que no forma parte del expediente, durante la vista del 11 de mayo la representación legal de Ivonne Figueroa tuvo la oportunidad de *"mostrarlo"* a la juez que entendió en el asunto. Aún después de revisarlo, el tribunal juzgó procedente la orden finalmente emitida. A su vez determinó señalar para el 22 de junio la discusión del informe de la Trabajadora Social Nilda L. Rosa, así como el preparado por la doctora Knudson.

## II

Al resolver las controversias aquí planteadas, es norma reconocida que el foro apelativo no puede considerar documentos que no tuvo ante sí el tribunal de instancia.

La Regla 54.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III R.54.1 (1983), dispone lo siguiente:

*"Las apelaciones y los recursos de revisión certificación se ventilarán con vista de los documentos originales que obren en autos, y de la exposición narrativa de la prueba o de la transcripción de la prueba oral, los que constituirían el expediente en tales casos."*

Por otro lado, en el caso de los recursos presentados ante este Tribunal, la Regla 36(B) del Reglamento del Tribunal de Circuito de Apelaciones es clara al recoger el mismo principio:

### Regla 36. Apéndices

*"En los casos en que conforme a estas Reglas se requiera acompañar un apéndice como*

*parte de un escrito, su presentación deberá cumplir con lo siguiente:*

*(B) Los apéndices sólo contendrán copias de los documentos que formen parte de los autos del Tribunal de Primera Instancia."*

Igual pauta se recoge en la Regla 37(d) del Reglamento del Tribunal Supremo. La política judicial que inspira esta norma fue esbozada en *Belmonte v. Mercado Reverón, Admor.,* 95 D.P.R. 257, 263-64 (1967), donde a la luz de los incidentes de ese caso el Tribunal Supremo se expresó en los siguientes términos:

*"Para finalizar deseamos llamar la atención de que al presentar la solicitud de revisión ante este Tribunal el peticionario acompañó copias de varios documentos [...] que no tuvo ante sí el tribunal a quo. Esta práctica es indeseable y debe descontinuarse. Se coloca al tribunal de instancia en una señalada desventaja."*

Dado que el informe preparado por la doctora Knudson y el Trabajador Social, señor Poza González, no fue unido a los autos originales del caso, la norma esbozada anteriormente restringe la facultad de este tribunal para considerar el documento.

Nuestro Tribunal Supremo en dos casos no ha seguido esta norma, y ante los hechos particulares allí planteados entró a analizar los nuevos documentos. Véanse, *Ramos v. Condominio Diplomat,* 117 D.P.R. 641, 644 (1986) e *Ind. Siderúrgica v. Thyssen Steel Caribbean,* 114 D.P.R. 548, 552 (1983). Si utilizamos dicha excepción en los hechos ante nos en el caso de epígrafe, debemos expresar que tras cotejar dicho informe y el de la Trabajadora Social, Sra. Nilda L. Rosa, no hemos encontrado que el tribunal de instancia haya abusado de su discreción al emitir la determinación recurrida.

### III
Por las razones antes expuestas, a la moción de reconsideración, **NO HA LUGAR.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General