Per Curiam

*742 TEXTO COMPLETO DE LA SENTENCIA
Davis & Geck, Inc. (Davis & Geck) nos solicita la revocación de la sentencia emitida el 5 de marzo de 1999 por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Manatí. Mediante tal dictamen, el tribunal apelado determinó que Davis & Geck despidió sin justa causa al Sr. Héctor R. Rivera Amau (Sr. Rivera Amau). En razón de ello, el referido tribunal condenó a Davis & Geck a pagar una mesada de $3,561.78, más los intereses moratorios desde la interposición de la querella de autos en favor del Sr. Rivera Amau.
Por los fundamentos que pasamos a exponer, se desestima el presente recurso de apelación.
I
Los hechos procesales pertinentes al recurso que nos ocupa son los siguientes.
El 7 de noviembre de 1997, el Sr. Rivera Amau presentó una querella alegando que su patrono, Davis & Geck, lo había despedido sin justa causa. Por tanto, el Sr. Rivera Amau reclamó el pago de una mesada al amparo de la Ley 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185a et seq.
El 5 de marzo de 1999, luego de celebrar una vista en los méritos, el Tribunal de Primera Instancia emitió la sentencia apelada condenando a Davis & Geck al pago de una mesada, más intereses, en favor del Sr. Rivera Amau en razón de haberlo despedido sin justa causa. Esta sentencia fue notificada a las partes el 10 de marzo de 1999.
No conforme con el anterior dictamen, el viernes 9 de abril de 1999 Davis & Geck presentó el recurso de apelación que nos ocupa. Certificó en el mismo haber notificado copia fiel y exacta del recurso al representante legal de la parte apelada, Ledo. Luis R. Mellado González, y al Tribunal de Primera Instancia mediante mensajero.
El lunes 12 de abril de 1999, Davis & Geck presentó una moción ante este Tribunal en la cual informó que había notificado el presente recurso el mismo 9 de abril al representante legal de la parte apelada mediante mensajero. Informó, además, que también había notificado la presentación del recurso al tribunal apelado en esa misma fecha (9 de abril), sin especificar el medio mediante el cual lo hizo.
De otra parte, el 17 de mayo de 1999, este Tribunal emitió una resolución para que Davis & Geck demostrara haber notificado efectivamente el recurso que nos ocupa a la parte apelada y al foro apelado según disponen las Reglas 13 (B) y 14 (B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, Rs. 13 (B) y 14 (B). Nuestra resolución incluyó también una referencia a que la Regla 13 (B), supra, establece un término de cumplimiento estricto de cuarenta y ocho (48) siguientes a la presentación del recursa para que la parte apelante certifique la forma y las circunstancias en que llevó a cabo el diligenciamiento de la notificación a la parte apelada cuando la misma se haga mediante entrega personal.
En cumplimiento de dicha orden, el 24 de mayo de 1999, Davis & Geck presentó una moción donde demuestra haber notificado el presente recurso al Tribunal de Primera Instancia el mismo día en que lo presentó ante este Tribunal en cumplimiento de la Regla 14 (B), supra. Por otro lado, informó nuevamente que el recurso fue notificado ese mismo día, 9 de abril de 1999, al representante legal de la parte apelada mediante mensajero. Acompañó copia de un recibo que alegadamente demuestra la notificación del recurso que nos ocupa al representante legal de la parte apelada. No obstante, no surge del recibo si fue una compañía privada o un empleado del Bufete McConnell Valdés, representante legal de Davis & Geck, quien notificó el presente recurso a la parte apelada.
*743 Mientras tanto, el Sr. Rivera Amau solicitó la desestimación del recurso de apelación presentado por Davis & Geck, habida cuenta de que éste había incumplido, por dos razones, con el término de cumplimiento estricto de cuarenta y ocho (48) horas que dispone la Regla 13 (B) del Reglamento de este Tribunal, supra. En primer lugar, el Sr. Rivera Amau argumentó que la moción presentada por Davis & Geck el 12 de abril de 1999 no cumplió con el requisito de explicar la forma y las circunstancias de la notificación. El Sr. Rivera Amau alegó, además, que procedía la desestimación del recurso, ya que la referida moción del 12 abril de 1999 fue presentada pasadas las cuarenta y ocho horas establecidas por las Reglas 13 (B), supra.
Luego de que le concediéramos un término para así hacerlo, Davis & Geck presentó una réplica a la moción de desestimación presentada por el Sr. Rivera Amau. En la misma, sostiene que la moción presentada el 12 de abril fue presentada en tiempo por ser de aplicación la Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. m, R. 68.1, que excluye los fines de semana del cómputo de términos menores a siete días. Alega, además, que dicha moción cumplió con el requisito impuesto por la Regla 13 (B), supra, ya que contiene la información esencial para poner al tanto a este Tribunal de cómo se llevó a cabo la notificación y la dirección a donde se notificó el recurso a la parte apelada. Argumentó que “(e)l hecho de que este Tribunal no fuese informado del nombre del diligenciante y la hora en que se entregó el escrito no causa un error que conlleve la desestimación del recurso instado ”.
II
En primer lugar, precisa señalar que aunque le asiste la razón a Davis & Geck en relación a su planteamiento de que la moción del 12 de abril de 1999 fue presentada dentro del término de cuarenta y ocho (48) horas establecido en la Regla 13 (B) del Reglamento de este Tribunal, supra, no obstante, hay que desestimar la apelación presentada por lo siguiente.
El viernes 9 de abril de 1999, Davis & Geck presentó el recurso de apelación que nos ocupa, certificando en el mismo haberlo notificado a la parte apelada mediante mensajero. Por tanto, en virtud de la referida Regla 13 (B), supra, Davis & Geck tenía un plazo de cuarenta y ocho (48) horas, contado a partir del viernes 9 de abril, para certificar ante este Tribunal la forma y las circunstancias de tal notificación.
Siendo el plazo antes descrito uno menor a siete días, los días sábado y domingo se excluyen del cómputo del mismo. Regla 68.1 de Procedimiento Civil, supra. En razón de ello, al presentar la referida moción el lunes 12 de abril de 1999, Davis & Geck presentó la misma dentro de las cuarenta y ocho (48) horas que establece la Regla 13 (B), supra.
A pesar de ello, dicha moción no cumplió con el requisito establecido en la mencionada Regla 13 (B), supra, que le exige a una parte apelante que haya notificado su recurso mediante entrega personal, que certifique en el término antes descrito la forma y las circunstancias de tal diligenciamiento. Por consiguiente, procede que desestimemos el presente recurso. Nos explicamos.
La Regla 13 (B) del Reglamento del Tribunal de Circuito de Apelaciones, supra, dispone, específicamente, que la parte apelante notificará el escrito de apelación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Establece, además, como ya hemos adelantado, que cuando un recurso de apelación se notifique a la parte apelada mediante entrega personal, la parte apelante certificará la forma y las circunstancias de tal diligenciamiento dentro del término de cumplimiento estricto de cuarenta y ocho (48) horas siguientes a la presentación del recurso. Esta Regla 13 (B) de nuestro Reglamento, supra, configura sobre las apelaciones, dos obligaciones procesales: (1) la notificación en sí a las partes, y (2) la certificación de la forma y las circunstancias del diligenciamiento cuando esa notificación se hace por entrega personal. Colón Morales v. Rivera Morales, 145 D.P.R. _ (1998), 98 J.T.S. *744 153.
La primera obligación procesal queda cumplida con la eventual notificación del recurso, bien sea mediante correo certificado por el Servicio Postal de Estados Unidos con acuse de recibo o bien mediante un servicio similar de entrega personal por empresa privada con acuse de recibo dentro del término para acudir ante nos. Pero la segunda obligación procesal no queda cumplida con sólo certificar en el recurso, según certificó Davis & Geck, haber “enviado por mensajero copia fiel y exacta del escrito que antecede al Lie. Luis R. Mellado González, Capital Center Sur, Oficina 404, Avenida Arterial Hostos Núm. 239, San Juan, Puerto Rico 00918... ”.
Nótese que esta certificación no incluye “las circunstancias de tal diligenciamiento ”. La certificación nada dice respecto a qué empresa privada hizo la entrega y mucho menos indica si se trata de una empresa que efectúa sus entregas mediante acuse de recibo. Y es evidente que el Tribunal Supremo, al aprobar el Reglamento de este Tribunal, quiso que cuando se le encargue la entrega del recurso a una entidad distinta al correo federal, se tenga constancia de sus circunstancias en previsión de posibles controversias en tomo al hecho y circunstancias de la entrega. Es por eso que cuando la notificación se hace mediante una empresa privada en sustitución del Servicio Postal federal, se activa la segunda obligación procesal que es distinta y separada de la anterior. De ahí, el plazo adicional de cuarenta y ocho horas de cumplimiento estricto que tiene la parte peticionaria para “certificar las circunstancias de tal diligenciamiento ” que es otro modo de requerir que se acredite el cómo y cuándo, y el por quién y a quién. Por eso es que la Regla utiliza el término “diligenciamiento” comúnmente asociado a emplazamientos, arrestos y citaciones.
La parte apelante no puede, por tanto, descansar en la aseveración general de la certificación que se incluye al final del escrito en cuanto a que se entregó la copia del mismo al abogado de la parte adversa en su propia oficina. Una certificación como esa no es suficiente como constancia de un diligenciamiento que no ha sido hecho y, por ende, no satisface la segunda obligación procesal de la Regla 13 (B), supra. Si bastara una certificación como esta, el legislador habría cometido el brutum fulmen de exigir una certificación de lo ya certificado previamente en el propio recurso.
En razón de lo anterior, la moción presentada el 12 de abril de 1999 por Davis & Geck no cumplió con el requisito establecido en la Regla 13 (B) de certificar la forma y las circunstancias de la notificación del recurso mediante entrega personal. Adviértase que el lenguaje utilizado por Davis & Geck en dicha moción es el siguiente: “Ese mismo día (9 de abril) se notificó por mensajero copia de dicho recurso al abogado del querellante-apelado, Ledo. Luis R. Mellado-González, Capital Center Sur, Oficina 404, Avenida Arterial Hostos 239, San Juan, Puerto Rico. ”
Resulta evidente que tal certificación adolece de la misma insuficiencia que la certificación incluida en el propio escrito de apelación. La misma no incluye explicación alguna de la forma y las circunstancias en que se llevó a cabo la notificación a la parte apelada.
De otra parte, Davis & Geck argumenta que el propósito del requisito de certificación a las partes es que este Tribunal esté informado de que se haya cumplido con el requisito jurisdiccional de notificación a las partes dentro del término para apelar y que la misma se llevó a cabo.
A propósito de la controversia aquí planteada, y por analogía, es cierto que hubo una época en que prevaleció el principio jurídico de que el requisito de notificación mediante correo certificado con acuse de recibo a que se refería el texto anterior de la Regla 53.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.3, no era lo determinante de la jurisdicción del Tribunal Supremo, sino que lo determinante era que la notificación se hiciese “dentro del término” para solicitar la revisión. Campos del Toro v. Ame. Transit Corp. 113 D.P.R. 337, 347 *745 (1982). Véase, además, Ramos v. Condominio Diplomat, 117 D.P.R. 641, 643 (1986). Así, en Campos del Toro, el Tribunal sostuvo que el requisito de correo certificado con acuse de recibo era un requisito “de conveniencia a los fines de establecer cumplidamente y sin lugar a dudas la fecha del depósito en el correo. Ello no quiere decir que por otros medios, igualmente efectivos, no pueda establecerse la fecha de la notificación.” 113 D.P.R. a la pág. 347. Pero esta norma, que estuvo vigente por muchos años, tocó fondo en época reciente.
Con la promulgación de la Ley de la Judicatura de 1994, Plan Núm. la de Reorganización de la Rama Judicial de 28 de Julio de 1994, 4 L.P.R.A. sec. 22 et seq. (Supl. 1998), y la concomitante adopción de nuevos Reglamentos para los Foros apelativos, la utilización del correo certificado con acuse de recibo ha pasado a formar parte del requisito mismo de la notificación. Eastern Sands, Inc. v. Roig Comm. Bank, 146 D.P.R. _ (1998), 98 J.T.S. 93. En Eastern Sands se desestimó un recurso de certiorari por no haber sido notificado a la otra parte por correo certificado con acuse de recibo, a pesar de que había sido efectivamente notificado dentro del término legal, por admisión expresa de la propia parte recurrida, y aun cuando no había controversia en cuanto al hecho mismo de la notificación.
Lo resuelto en Eastern Sands constituye ciertamente un cambio sustancial en tomo a la doctrina anterior y es autoridad suficiente para sostener que el cumplimiento de los requisitos reglamentarios aplicables a la notificación de los recursos a las demás partes ha dejado ya de ser una pura cuestión de forma, para convertirse en un aspecto medular del proceso apelativo. Con Eastern Sands se le atribuye naturaleza sine qua non a la notificación por correo certificado con acuse de recibo, como requisito para el perfeccionamiento adecuado del recurso. Por ser el Reglamento del Tribunal de Circuito de Apelaciones, en cuanto a este requisito, idéntico al Reglamento del Tribunal Supremo, presumimos que habrá de interpretarse similarmente.
Ahora bien, ambos Reglamentos prescriben un método sustituto de notificación de los recursos de apelación y certiorari a las demás partes. Compárense la Regla 39 (a) del Reglamento del Tribunal Supremo, 4 L.P.R.A, Ap. XXI-A y las Reglas 13 (B) y 33 (B) del Reglamento del Tribunal de Circuito de Apelaciones, supra. Se trata de la notificación mediante un servicio similar de entrega personal por empresa privada con acuse de recibo, o sea, un servicio similar al correo certificado con acuse de recibo que brinda el Servicio Postal de Estados Unidos. Como ya dijimos, la Regla 13 (B) de nuestro Reglamento, supra, “configura dos obligaciones procesales: la notificación en sí a las partes y la certificación de la forma y las circunstancias del diligenciamiento cuando esa notificación se hace por entrega personal”. Colón Morales v. Rivera Morales, supra. La primera es de carácter jurisdiccional; la segunda, de cumplimiento estricto. Id.
De entrada, debemos destacar que Davis & Geck no ha acreditado que hubiese hecho la notificación mediante entrega personal utilizando un mecanismo similar al correo certificado que provee el Servicio Postal de Estados Unidos; es decir, mediante entrega personal por compañía privada con acuse de recibo. En su moeión en respuesta a nuestra orden de mostrar causa, presentada a los cuarenta y cinco (45) días de haber radicado el escrito de apelación, Davis & Geck acompañó como anejo una fotocopia de un recibo que alegadamente demuestra la notificación del recurso de apelación a la parte apelada dentro del término jurisdiccional.
No obstante, examinado el mismo, no podemos determinar si se trata de un acuse de recibo producido por un servicio similar de entrega personal por empresa privada con acuse de recibo. Tampoco podemos descartar que se tratara de un recibo preparado por el bufete que representa a la apelante. Pero no existe duda de que de tal recibo ni siquiera consta quién diligenció la notificación. Tampoco se desprende quién recibió la notificación. Es solamente en la moción presentada el 4 de junio de 1999 por Davis & Geck que se indica que la firma que aparece en el recibo, el cual fue sometido ante este Tribunal el 24 de mayo de 1999, es de “personal” de la oficina del Ledo. Mellado González, sin que haya un modo de inferir la exactitud de tal aseveración del propio recibo. El recibo que contempla la Regla 13 (B), supra, es un recibo que baste por sí mismo para acreditar *746 fehacientemente la notificación. El mismo no debe estar supeditado a la presentación de prueba aliunde que lo valide.
Suponiendo que el diligenciamiento de la notificación lo hubiera hecho un empleado, mandatario o agente del bufete que representa a Davis & Geck, tenemos duda de si él mismo podía hacer la entrega personal, pues es evidente que dicha persona no estaría operando ni sería empleada de alguna empresa que preste un servicio similar de entrega personal con acuse de recibo. El encargar el diligenciamiento de la notificación a una empresa particular, desvinculada de la oficina del abogado que pretende hacer la notificación y sin interés en el caso, pretende evitar todo tipo de controversia en tomo al hecho de la notificación, independientemente de que en algunos casos concretos, o aun en la mayoría de ellos, no se suscitaran tales controversias. La norma procura evitar siquiera su posibilidad. Eso es lo que los reglamentos del Tribunal Supremo y del Tribunal de Circuito de Apelaciones pretendieron eliminar de una vez y por todas y que, además, llevó al Tribunal Supremo en el caso de Eastern Sands a abandonar la norma anterior, la cual estaba basada en disposiciones reglamentarias inaplicables hoy día. Resolvemos, pues, que la entrega por un método que acredite fehacientemente el recibo de copia del recurso es elemento indispensable del perfeccionamiento del recurso de apelación.
Mas suponiendo, para fines de la argumentación, que el mensajero utilizado por Davis & Geck estaba calificado para hacer la entrega personalmente y que la misma fue hecha en la oficina del Ledo. Mellado González, la utilización de este método alterno de notificación requería de todos modos que, según expusimos anteriormente, en el plazo de cumplimiento estricto de cuarenta y ocho (48) horas, Davis & Geck nos certificara la forma y las circunstancias de tal diligenciamiento, algo que nunca hizo. Precisa destacar que Davis & Geck no certificó en momento alguno la manera en que llevó a cabo la notificación del recurso mediante mensajero, inclusive en la moción que presentó el 4 de junio de 1999 en oposición a la solicitud de desestimación presentada por el Sr. Rivera Amau.
Como ya está claramente establecido, un término de cumplimiento estricto significa que la parte peticionaria debe cumplir rigurosamente con el anterior término a no ser que concurran circunstancias especiales y que las mismas sean acreditadas cumplidamente. La discreción de que goza este Tribunal ante un plazo de cumplimiento estricto, sólo puede ser ejercitada cuando la parte que pretende que se le exima de su cumplimiento, demuestra justa causa para tal solicitud. En ausencia de tales circunstancias, este Tribunal carece de discreción para eximir a una parte de su cumplimiento, para prorrogar el referido término y, por ende, para acoger el recurso presentado ante nuestra consideración. Arriaga v. F.S.E., 146 D.P.R. _ (1998), 98 J.T.S. 28.
Ausente una razón o causa justificada para la omisión de presentar la referida certificación de la notificación dentro del plazo de cumplimiento estricto de cuarenta y ocho horas, no está en nuestras manos excusar a la parte apelante por su incumplimiento. El Tribunal Supremo de Puerto Rico ha sido muy enfático y consecuente al no reconocer los errores de los abogados ni los llamados errores oficinescos en materia de incumplimiento de requisitos, tanto de estricto cumplimiento como jurisdiccionales. Véanse: Ortiz Quiñones v. A.R.P.E., 146 D.P.R. _ (1998), 98 J.T.S. 131 (notificación al abogado de una de las partes que fue devuelta por el correo por haber sido dirigida a una dirección errónea, al Núm. 111 en vez de lili —error oficinesco — , no surtió efecto legal aun cuando se pretendió hacer la notificación y se depositó la misma dentro del término legal y medió buena fe de la abogada de la recurrente); Pueblo v. Pérez Suárez, 146 D.P.R. _ (1998), 98 J.T.S. 125 (notificación del recurso a otro abogado y a otra Sala por un error oficinesco, no surtió efecto); Arriaga v. F.S.E., 146 D.P.R. _ (1998), 98 J.T.S. 28 (alegaciones tales como que el incumplimiento fue “involuntario”, que “no se debió a falta de interés”, que no hubo “menosprecio al proceso”, o de que ahora “existe un firme propósito de enmienda”, no constituyen justa causa para no haber notificado copia del recurso al Tribunal de Primera Instancia dentro del plazo de cuarenta y ocho (48) horas).
*747 En razón de ello, no existiendo justa causá para el incumplimiento con el término de cumplimiento estricto establecido en la Regla 13 (B) del Reglamento de este Tribunal, supra, carecemos de discreción para prorrogar dicho término y, por ende, para acoger y atender en los méritos el presente recurso de apelación. Arriaga v. F.S.E., supra.
No habiéndose certificado la forma y las circunstancias de la notificación mediante entrega personal a la parte apelada dentro del plazo de cuarenta y ocho (48) horas provisto en la mencionada Regla 13 (B) de nuestro Reglamento, supra, y, sobre todo, no habiéndose acreditado efectivamente haber hecho la notificación mediante un servicio similar de entrega personal por empresa privada con acuse de recibo, procede la desestimación de este recurso por no haberse perfeccionado conforme a lo dispuesto por ley. Regla 83 (B) (1), (3) y (C) del Reglamento del Tribunal de Circuito de Apelaciones, supra.
Lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 26
1. Las Reglas 33 (B) y 58 (B) de nuestro Reglamento, supra, son aún más explícitas al referirse a “un servicia similar de entrega personal por empresa privada con acuse de recibo”. La omisión de la frase “por empresa privada” en la Regla 13 (B), supra, obedece, evidentemente, a una inadvertencia de redacción y no al propósito deliberado de hacer distinciones al respecto.
2. Adviértase que del recibo no surge nombre de compañía alguna que hubiese efectuado la notificación del recurso. Por otro lado, Davis & Geck tampoco ha explicado si la notificación fue efectuada por una compañía privada o por un empleado del bufete que lo representa.
3. Surge del recibo la firma de alguien de apellido González como la persona que recibió la copia del presente recurso. No obstante, no se nos explica qué relación tiene dicha persona con la oficina del representante legal del Sr. Rivera Amau.