Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| RICARDO GARCÍA VILÁ<br><br>Recurrido<br><br>v.<br><br>EMPRESAS KLK, INC., HOME, KITCHEN & MORE<br><br>Recurrente | KLRA202500258 | REVISIÓN JUDICIAL procedente del Departamento de Asuntos del Consumidor, Oficina Regional de Ponce<br><br>Querella núm.: PON-2024-0005633<br><br>Sobre: Construcción |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 15 de mayo de 2025.

Comparece ante este tribunal apelativo, Empresas KLK, Inc. Home, Kitchen & More (Empresas KLK o recurrente) mediante el recurso de epígrafe, solicitándonos que revoquemos la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo) el 26 de febrero de 2025, notificada el 27 de febrero siguiente. Mediante dicha determinación, el DACo declaró *Ha Lugar* a la querella instada por el Sr. Ricardo García Vilá (señor García Vilá o recurrido) y en su consecuencia, ordenó al recurrente la devolución de $6,327.63 por el incumplimiento defectuoso de la prestación pactada.

Por las razones que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción.

### I.

Del recurso ante nuestra consideración surge que, el 21 de octubre de 2024, el señor García Vilá presentó una querella contra el recurrente ante el DACo, designada con la codificación alfanumérica PON-2024-0005633. En la misma, alegó vicios de construcción e instalación de gabinetes de cocina defectuosos, ya

que no se ajustaban a lo pactado. Así, solicitó la devolución de $6,327.63, cuantía pactada y pagada en su totalidad.

El 4 de noviembre de 2024, el recurrente presentó su *Contestación a Querella*. Mediante este escrito, adujo que el contrato aún estaba vigente y que se encontraba en el proceso de instalación de los gabinetes. Por lo que, una vez culminados los trabajos procedía a realizar las reclamaciones pertinentes.

El 14 de enero de 2025, el DACo celebró una vista administrativa a la que comparecieron las partes por derecho propio y expusieron sus argumentos ante la agencia. El 26 de febrero de 2025, notificada al día siguiente, el DACo emitió la *Resolución* recurrida declarando *Ha Lugar* a la querella instada por el señor García Vilá, más ordenó al recurrente el pago de $6,327.63 a este por el incumplimiento defectuoso de la prestación debida. Ello, en el término improrrogable de veinte (20) días, a partir de la notificación del dictamen.

Inconforme, el 18 de marzo de 2025, el recurrente presentó una *Reconsideración de Resolución y Solicitud de Relevo de Resolución*. Mediante este escrito, arguyó que erró el DACo al no darle el mismo peso y valor probatorio al testimonio del recurrente, y al fallar en considerar que se incumplió lo convenido como consecuencia de las acciones del recurrido. Añadió que el recurrente ha estado dispuesto a cumplir con el contrato en todo momento. Solicitó la reconsideración de la determinación y que permitiera al recurrente finalizar la obra, dejar sin efecto la orden de reembolso total y el envío de un inspector ocular neutral.

**El 31 de marzo de 2025**, el DACo emitió una *Resolución en Reconsideración* declarando *No Ha Lugar* a la petición de reconsiderar. **Dicha determinación, según surge en expediente, fue archivada en autos y notificada por correo el mismo día**.

Todavía en desacuerdo, el 5 de mayo de 2025, el recurrente instó el presente recurso en el que señaló que el foro administrativo incurrió en los siguientes errores:

> ERRÓ EL DACO AL EMITIR UNA RESOLUCIÓN SIN HABER REALIZADO UNA INSPECCIÓN TÉCNICA NI INFORME PERICIAL, ELEMENTO ESENCIAL EN CONTROVERSIA SOBRE CALIDAD Y/O CULMINACIÓN DE OBRA.
>
> ERRÓ EL DACO AL UTILIZAR UNA COTIZACIÓN DE UN TERCERO "MI COCINA GABINETES" COMO BASE DE PRUEBA SIN QUE DICHA PERSONA COMPARECIERA NI PUDIERA SER CONTRAINTERROGADA, EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.
>
> ERRÓ EL DACO A ORDENAR A QUE EMPRESAS KLK, INC. DEVUELVA LA CANTIDAD TOTAL DE $6,327.63, SIN CONSIDERAR LOS GASTOS REALIZADOS POR EL QUERELLADO PARA LA REALIZACIÓN DE LOS GABINETES EXCLUSIVOS DEL QUERELLANTE.
>
> ERRÓ EL DACO AL FUNDAMENTAR SU DETERMINACIÓN EXCLUSIVAMENTE EN EL TESTIMONIO DEL QUERELLANTE, IGNORANDO LA PRUEBA, EL DERECHO Y LA DISPOSICIÓN DE LA PARTE QUERELLADA A COMPLETAR LA INSTALACIÓN. DONDE NO SE LLEVÓ A CABO LA OBLIGACIÓN DE PERMITIR LA EJECUCIÓN DEL TRABAJO.

Examinado el recurso presentado, y a tenor de la determinación arribada, determinamos prescindir del escrito en oposición, según nos faculta la Regla 7 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7.

**II.**

Es norma reiterada en nuestra jurisdicción que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. La falta de jurisdicción de un tribunal no es susceptible de ser subsanada. Por ello, los tribunales están obligados a considerar dicho asunto, aun en ausencia de señalamiento alguno por las partes. Así pues, los asuntos jurisdiccionales deben resolverse con prelación a cualquier otro por ser cuestiones privilegiadas. *García v. Hormigonera Mayagüezana,*172 DPR 1, 7 (2007); *AAA v. Unión Abo. AAA,* 158 DPR 273, 279 (2002); *Sánchez et al. v. Srio. de Justicia et al.,* 157 DPR

360, 369 (2002); *Ponce Fed. Bank v. ChubbLifeIns. Co.*, 155 DPR 309, 332 (2001).

En este sentido, los tribunales deben estar alertas a su jurisdicción asegurándose en todo momento que tienen la facultad legal para entender en los recursos ante sí. Esto resulta de vital importancia en el proceso judicial, pues una sentencia dictada sin jurisdicción ya sea sobre las partes o la materia, resulta nula e ineficaz. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

Cuando un tribunal acoge un recurso a sabiendas de que carece de autoridad para entender en él, actúa ilegítimamente. Por eso, cuando un tribunal no tiene jurisdicción o autoridad para considerar un recurso, procede que se desestime el mismo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, págs. 882-883.

Cónsono con lo anterior, la Sección 4.2 de la Ley núm. 38-2017, 3 LPRA sec. 9672, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), dispone:

> Una parte adversamente afectada por **una orden o resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final** de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. [Énfasis nuestro]

Asimismo, la Sección 3.15 de la LPAUG, 3 LPRA sec. 9655, dispone, en lo pertinente, que la parte afectada por una resolución u orden, que haya presentado una reconsideración, y la agencia haya tomado alguna determinación, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución resolviendo definitivamente la moción de reconsideración.

### III.

Nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que el mismo debe ser resuelto con preferencia a cualquiera otra cuestión, previo a entrar a considerar los méritos del recurso.[1] Esto, aun cuando las partes no lo hayan argumentado o solicitado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Luego de analizado el trámite procesal, consignado por el recurrente y en la determinación recurrida, surge con meridiana claridad que en el presente caso no tenemos jurisdicción para atender el error planteado. Apuntalamos que la *Resolución* recurrida se notificó el 27 de febrero de 2025 y el recurrente presentó oportuna reconsideración.

Ahora bien, el **31 de marzo de 2025**, notificada el mismo día, el DACo emitió una *Notificación sobre Reconsideración,* en la que declaró *No Ha Lugar* al petitorio reconsideratorio. Por lo que, la Empresas KLK tenía hasta el 30 de abril de 2025 para acudir en revisión ante este foro intermedio. No obstante, el recurso se instó el 5 de mayo de 2025, esto en exceso del término jurisdiccional de treinta (30) días que dispone la LPAUG y la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 57. Sobre este

---

[1] Véase, *Shell v. Srio. Hacienda*, 187 DPR 109 (2012); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012); y *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1 (2011).

particular, se hace importante destacar que el recurrente expresa en su escrito que la *Notificación sobre Reconsideración* fue recibida y notificada el 3 de abril de 2025 e incluyó una hoja con un ponche que indica "*RECEIVED 3/abril/25*".[2] Por tanto, precisa aclarar que el hecho de haber sido recibida el 3 de abril, no implica que es la fecha que se utiliza para computar el plazo apelativo. Como bien preceptúan las disposiciones regentes, el referido término se calcula desde la fecha de la notificación.

Sobre la notificación por correo postal, la Regla 67.2 de las de Procedimiento Civil, 32 LPRA Ap. R. 67.2, establece que "**[l]a notificación por correo quedará perfeccionada al depositarse en el correo** o al enviarse vía fax o por correo electrónico". Por otro lado, nuestro más alto foro ha ratificado que "**el acto del depósito es lo crucial para propósitos de estimarse perfeccionada a tiempo la notificación**". *Ramos v. Condominio Diplomat*, 117 DPR 641, 644 (1986). En el caso de *Isleta, LLC v. Inversiones Isleta Marina,* 203 DPR 585 (2019), nuestro Tribunal Supremo tuvo ante sí la controversia de si una notificación se entendía perfeccionada y realizada el día que se depositó en el correo o la fecha en que fue recibida por el destinatario. Cabe destacar que, al igual que en el caso de epígrafe, en el caso de *Isleta v. Inversiones Isleta Marina*, supra, las fechas de depósito y de recibo no estaban en controversia. Sino que el tribunal debía resolver con qué fecha se perfecciona la notificación. En conclusión, la más alta *Curia* dictaminó que la notificación se entiende realizada con la fecha del depósito en el correo, y no en la que fue recibida por su destinatario.

En virtud de lo antedicho, reiteramos que, según surge del matasellos del sobre, incluido en el apéndice, la fecha en que se perfeccionó la notificación fue el 31 de marzo de 2025.

---

[2] Véase, *Revisión Judicial* a la pág. 4, y Apéndice del Recurso, a la pág. 75.

Por último, puntualizamos, que el término para presentar el recurso de epígrafe es jurisdiccional, el cual no es susceptible de ser prorrogado mediante causa justificada. Así pues, recordemos que, entre las instancias en las que un tribunal carece de jurisdicción para adjudicar una controversia, se encuentra la presentación tardía de un recurso. Un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado. *Rodríguez Díaz v. Pierre Zegarra,* 150 DPR 649 (2000). Por consiguiente, reiteramos que carecemos de jurisdicción para atender el recurso de epígrafe.

**IV.**

Por los fundamentos anteriormente expuestos, desestimamos el presente recurso por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones