LA SOCIEDAD LEGAL DE GANANCIALES compuesta por MANUEL OLIVA ROMERO y RAQUEL SALAZAR, demandante y recurrida, v. AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, demandada y recurrente.

*Número:* R-78-155          *Resuelto:* 30 de abril de 1979

*Nicolás Montalvo Aranzamendi, Luis A. Lugo, Jr., y José F. Irizarry González,* abogados de la recurrente; *Guillermo Ruiz Ramos,* abogado de la recurrida.

PER CURIAM: A solicitud de la Autoridad de las Fuentes Fluviales expedimos auto para revisar la sentencia dictada por la Sala de Utuado del Tribunal Superior que, en acción sobre daños y perjuicios, le condenó a satisfacer a la parte demandante la cantidad de treinta mil dólares de indemnización, más dos mil dólares por concepto de honorarios de abogado.

■ Advertimos, sin embargo, que surge del récord un conflicto sobre nuestra facultad para conocer del recurso. Aunque las partes no lo plantean, nos vemos obligados a velar por nuestra jurisdicción y hemos de dilucidar la controversia. *López Rivera* v. *Autoridad Fuentes Fluviales,* 89 D.P.R. 414, 419 (1963).

La sentencia que es objeto de revisión en el presente recurso fue dictada en 15 de marzo de 1978 archivándose en autos copia de su notificación en 28 de marzo de 1978.

■ Quince días más tarde, en 12 de abril de 1978, la demandada solicitó oportuna reconsideración de sentencia. Simultáneamente solicitó determinaciones de hechos y conclusiones de derecho adicionales, a pesar de haber transcurrido

el término de ley de 10 días para ello. El tribunal nada proveyó sobre ninguno de los aspectos de su moción, radicándose entonces la solicitud de revisión ante este Tribunal el 28 de abril de 1978.

Aunque la moción de reconsideración puede interrumpir el término para interponer recurso de revisión, no resultó así por no haber sido acogida por el tribunal de instancia. Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II R. 47. Véanse *El Mundo, Inc.* v. *Tribunal Superior*, 92 D.P.R. 791, 801 (1965); *Suárez* v. *Flamingo Homes, Inc.*, 102 D.P.R. 664, 669 (1974).

■ En cuanto a la moción en solicitud de providencias adicionales en cuanto a los hechos probados y al derecho aplicable, ésta debe presentarse dentro del improrrogable término de diez días a partir del archivo en autos de copia de la notificación de la sentencia. *Id.* Reglas 43.2, 68.2 de Procedimiento Civil. De radicarse dicha moción oportunamente el transcurso del plazo de 30 días para interponer recurso de revisión que establece la Regla 53.1(a) de las de Procedimiento Civil hubiera quedado interrumpido, y comenzado nuevamente cuando se proveyera sobre la misma. Regla 53.1(d) de las de Procedimiento Civil. No obstante, ya que en el caso de autos la misma fue presentada quince días después del archivo en autos de copia de la notificación de la sentencia, no interrumpió el término para solicitar revisión que expiró el 27 de abril de 1978. 3A Barron and Holtzoff, *Federal Practice and Procedure*, Sec. 1553 (1958).

■ Es preciso aclarar que aunque la Regla 43.2 permite la acumulación de una moción de reconsideración con una de determinaciones de hechos adicionales,[1] no autoriza la ex-

---

[1] En la jurisdicción federal estadounidense, de donde provienen la mayoría de nuestras reglas, el problema no puede suscitarse. En primer lugar, la Regla 52(b) federal, similar a la R. 43.2 nuestra, sólo señala que la moción sobre determinaciones adicionales se puede acumular con una moción de nuevo juicio sin hacer referencia a la de reconsideración. Regla

tensión del término de diez días establecido para la radicación de esta última. Resulta, pues, tardía una solicitud de determinaciones de hechos presentada junto a una de reconsideración luego de expirar el término de diez días requerido por la Regla 43.2, y ratificado por la 68.2, que prohíbe al tribunal prorrogar el plazo para actuar bajo dicha Regla 43.2.

■ Habiéndose archivado en autos copia de la notificación de sentencia en 28 de marzo de 1978 y considerando que el plazo fatal de 30 días para solicitar revisión transcurrió, como hemos visto, sin interrupción, dicha solicitud de revisión debió radicarse, a más tardar, el jueves, 27 de abril de 1978 en la Secretaría de este Tribunal Supremo. Regla 68.1 de Procedimiento Civil. Ver *Tim Mfg. Co.* v. *Shelley Enterprises, Inc.*, 107 D.P.R. 530 (1978).

Radicada la solicitud de revisión en 28 de abril de 1978, 31 días después del archivo en autos de copia de la notificación de la sentencia, nos encontramos sin jurisdicción para entender en el recurso. *Por tanto, se dictará resolución anulando el auto de revisión que indebidamente expidiéramos en 10 de enero de 1979, y desestimando el recurso por falta de jurisdicción.*

El Juez Asociado Señor Díaz Cruz no intervino.

---

52(b) de Procedimiento Civil federal. Más aún, la Regla 59(e) federal que da fundamento a las mociones de reconsideración en aquélla jurisdicción, sólo concede un plazo de 10 días para hacer la solicitud. Ver 6A Moore's *Federal Practice* 59.12/1/.