# 95 DTA 35

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE BAYAMON

ANA CELIA COTTO LUNA
Demandante-Peticionaria

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS
Demandados -Recurridos

Núm. KLCE-95-00028

San Juan, Puerto Rico, a 23 de marzo de 1995

Panel integrado por su presidente, Juez Sánchez Martínez,
y los Jueces Rodríguez de Oronoz y Segarra Olivero

## TEXTO COMPLETO DE LA SENTENCIA

Es doctrina firmemente establecida que la jurisdicción no se presume. La parte tiene que invocarla y acreditarla toda vez que previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. *Soc. de Gananciales v.*

*A.F.F.*, 108 D.P.R. 644, 645 (1979).

En armonía con dicha doctrina la Regla 31(C) del Reglamento del Tribunal de Circuito de Apelaciones dispone que este Tribunal puede desestimar a iniciativa propia un recurso, entre otras razones, porque carece de jurisdicción para considerarlo.

Un examen del trámite procesal habido en el caso de epígrafe refleja que el Tribunal de Distrito, Sala de San Juan (Hon. Sonia Ivette Vélez Colón, J.) emitió sentencia en dicho caso el 26 de julio de 1994, copia de la cual fue debidamente archivada en autos el 10 de agosto de 1994, disponiendo la desestimación de la demanda presentada.

Ello dio base a que la parte demandante compareciera ante el tribunal el 16 de agosto de 1994 y presentara lo que denominó *"Escrito Solicitando Enmienda a la Demanda Presentada y Expedición de Emplazamientos y/o Reconsideración a Sentencia Dictada"*.

El 12 de septiembre de 1994 el tribunal declaró no ha lugar el referido escrito, archivándose en autos copia de la notificación a las partes el 5 de enero de 1995. El 9 de enero de 1995 la parte demandante solicitó la reconsideración de la anterior determinación. El 20 de enero de 1995 el tribunal declaró no ha lugar la reconsideración solicitada, archivándose en autos copia de su notificación el 31 de enero de 1995.

Invocándose la jurisdicción que a este tribunal confiere la nueva Ley de la Judicatura de 1994, Ley Núm. 1 del 28 de julio de 1994, así como el Reglamento del Tribunal de Circuito de Apelaciones, la parte demandante-peticionaria solicita la revisión de la resolución dictada el día 12 de septiembre de 1994.

Examinado el recurso a la luz del trasfondo antes expuesto concluimos que este tribunal carece de jurisdicción para considerar los méritos del mismo.

Habiéndose archivado en autos copia de la notificación de la sentencia el 10 de agosto de 1994, el escrito presentado el 16 de agosto de 1994 debe ser considerado como una moción de reconsideración. Transcurridos diez (10) días de presentada dicha moción sin que el tribunal sentenciador tomara acción alguna, la moción de reconsideración debió entenderse como rechazada de plano y el término para apelar ante el Tribunal Superior no fue interrumpido. Regla 47 de Procedimiento Civil, 32 L.P.R.A., Ap. III. Por lo tanto el término para apelar la sentencia venció el 9 de septiembre de 1994.

No habiéndose apelado dicha sentencia dentro del término que para ello provee el ordenamiento legal, la misma advino final. Por otro lado, los dictámenes de 12 de septiembre de 1994 y de 20 de enero de 1995 son nulos e inoficiosos por haber sido dictados por el tribunal sentenciador luego de haber perdido jurisdicción sobre el caso.

En consecuencia, es forzoso concluir que el recurso de epígrafe, presentado el 22 de febrero de 1995, fue instado fuera del término jurisdiccional de treinta (30) días que dispone la Regla 53.1 de Procedimiento Civil. Siendo ello así carecemos de jurisdicción para considerar los méritos del mismo, por lo que resulta procedente decretar su desestimación.

Como bien se ha resuelto, la falta de jurisdicción no puede ser subsanada ni el tribunal puede abrogársela, teniendo los tribunales el ineludible deber de examinar su propia jurisdicción, así como aquella del foro de donde procede el recurso. *Vázquez v. A.R.P.E.,* ___D.P.R. ___, (1991), **92 J.T.S. 53,** pág. 8661.

Por los fundamentos antes expuestos se desestima el presente recurso ▮

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 35**

1. El caso de epígrafe fue referido al Circuito Regional de Bayamón por el Juez Administrador del Tribunal de Circuito de Apelaciones.