*364 TEXTO COMPLETO DE LA SENTENCIA
Comparecen ante nos, Rafael Tillero Rosas y Juan R. Méndez Martínez, mediante la presentación de un recurso de revisión en el cual solicitan que revoquemos una determinación emitida por la Comisión Apelativa del Sistema de Administración de Recursos Humanos (en adelante Comisión Apelativa) el 10 de marzo de 2005. Mediante Resolución, la Comisión Apelativa ordenó el archivo de la apelación con peijuicio por abandono y falta de interés, conforme al Artículo II, Sección 2.7(a) del Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público, aprobado el 5 de octubre de 2004.
El 29 de marzo, los recurrentes solicitaron a la Comisión Apelativa la reconsideración de la referida Resolución. El 7 de abril de 2005, la solicitud fue declarada no ha lugar.
Luego de evaluar el presente recurso y los escritos de las partes, resolvemos desestimar el mismo por falta de jurisdicción.
I
El 18 de septiembre de 2000, los recurrentes radicaron una apelación ante la Junta de Apelaciones del Sistema de Administración de Personal del Servicio Público (en adelante J.A.S.A.P.). En la misma alegaron que ocupaban puestos transitorios como “Técnico de Recursos Humanos IF en la Oficina Regional de Aguadilla de la Administración del Derecho al Trabajo (en adelante A.D.T.) desde 1994 y que en virtud de la Orden Ejecutiva Núm. 1994-36, tenían derecho a ser nombrados como “Inspectores de Reglamentos y Permisos IF en la Administración de Reglamentos y Permisos (en adelante A.R.P.E.) en Aguadilla.
En la apelación presentada ante J.A.S.A.P., los recurrentes incluyeron como partes apeladas a la Oficina Central de Asesoramiento Laboral y Administración de Recursos Humanos (en adelante O.C.A.L.A.R.H.), al Departamento del Trabajo y Recursos Humanos (D.T.R.H.) y a la Administración del Derecho al Trabajo (A.D. T.) por conformar el Grupo de Trabajo Interagencial. Además, incluyeron en su reclamo a la A.R.P.E. debido a que alegadamente el Grupo de Trabajo Interagencial les había notificado que se les referiría a la agencia para unos puestos vacantes. Sin embargo, el 8 de agosto de 2000, los recurrentes recibieron unas comunicaciones suscritas por la Sra. Fabiola Pérez Colón en las que se les informó que el Administrador de A. R.P.E., en aquel entonces el Ingeniero Iván Casiano Quiles, había indicado que los puestos serían utilizados para colocar otros empleados transitorios de acuerdo con las disposiciones de la Ley Núm. 85 de 24 de mayo de 2000. 
Al momento de presentar su escrito de apelación en J.A.S.A.P., los recurrentes llevaban seis años esperando ser reubicados a un puesto regular, según lo establecido en la Orden Núm. OE1994-36, por lo que solicitaron a la Junta que ordenara a A.R.P.E. a cumplir con las disposiciones de la referida Orden y se les nombrara a un puesto regular según lo allí dispuesto.
El 11 de diciembre de 2000, la A.D.T. y la A.R.P.E. contestaron la apelación presentada por los recurrentes. *365 En sus escxitos, adujeron que los recurrentes eran empleados regulares de A.D.T. ocupando puestos como Técnicos de Recursos Humanos y que la OE-1994-36 no creaba un derecho absoluto de empleo. Asimismo, compareció el D.T.R.H. alegando que la apelación se había tornado académica debido a que los recurrentes habían sido nombrados empleados regulares en la A.D.T.
Luego de varios trámites procesales, el 20 de abril de 2004, J.A.S.A.P. emitió una Orden dirigida a los recurrentes para que en el término de veinte días mostraran causas por las cuales la Junta no debiera archivar su apelación por abandono y falta de interés. El 5 de agosto de 2004, la representación legal de los recurridos compareció mediante una Moción para Asumir Representación Legal y en Cumplimiento de Orden. En la misma, los recurrentes manifestaron que estaban interesados en continuar el trámite de apelación ante J.A.S.A. P. y solicitaron que se celebrara una vista sobre el estado de los procedimientos. El 3 de febrero de 2005, la Comisión Apelativa tomó conocimiento de la moción presentada por la representación legal de los recurrentes.
Así las cosas, el 10 de marzo de 2005, la Comisión Apelativa emitió una Resolución en la que ordenó el archivo de la apelación con perjuicio por abandono y falta de interés. El 29 de marzo de 2005, los recurrentes presentaron una moción solicitando reconsideración, la cual fue declarada no ha lugar mediante Resolución emitida el 7 de abril de 2005.
Inconformes con la determinación de la Comisión Apelativa, los recurrentes acuden ante nos mediante la presentación de un recurso de revisión. En el mismo señalan que erró la Comisión Apelativa al decretar el archivo de la apelación, por lo que procede que revoquemos la Resolución recurrida.
El 27 de junio de 2005, A.R.P.E. presentó un Alegato en Oposición a Recurso de Revisión. En su escrito, adujo que procedía la desestimación de la apelación como sanción según lo dispuesto por el Artículo II, Sección 2.7(a) del Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público, aprobado el 5 de octubre de 2004.
Por su paite, la A.D.T. y la O.C.A.L.A.R.H. presentaron una Moción en Solicitud de Desestimación del Recurso de Revisión, por conducto del Procurador General, en la cual solicitan que se desestime el recurso presentado debido a que el dictamen del cual se recurre no fue notificado a todas las partes del caso, por lo cual la notificación no tuvo el efecto de activar el término jurisdiccional para acudir en revisión.
II
Las Constituciones del Estado Libre Asociado de Puerto Rico y de los Estados Unidos requieren que toda acción administrativa que intervenga con la vida, libertad o propiedad cumpla con el debido proceso de ley. Constitución del E.L.A., Art. II, Sec. 7; Constitución de E.U., Enmiendas 5 y 14; López y otros v. Asoc. Taxis de Cayey, 142 D.P.R. 109 (1996). La notificación es requisito indispensable para la validez del procedimiento administrativo de carácter adjudicativo en sus distintas etapas. Su incumplimiento violenta el derecho a ser oído, al cual está indisolublemente ligado, ya que el mismo implica haber sido notificado. Demetrio Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 2da Ed. 2001, a la página 366.
La garantía al debido proceso de ley presupone una notificación caracterizada por la jurisprudencia como "real y efectiva". Asoc. Residentes v. Montebello Dev. Corp., 138 D.P.R. 412 (1995). La notificación de las resoluciones administrativas concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la instancia adjudicativa y otorga a las paites cuyos derechos pudieran quedar afectados la oportunidad para decidir si ejercen los remedios que les reserva la ley para impugnar la determinación tomada. Asoc. Vec. Altamesa Este v. Mun. San Juan, 140 D.P.R. 24 (1996).
Al referirse a la importancia de la notificación de una resolución administrativa, el Tribunal Supremo ha *366 expresado con énfasis que no se puede permitir que un eslabón de tanta envergadura en el debido proceso de ley tome o adopte una configuración laxa, basada en una mera conclusión especulativa de que se tenía conocimiento de la decisión administrativa. Id.
La Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, de 3 L.P.R.A. see. 2172, dispone sobre los términos para radical- un recurso de revisión judicial lo siguiente:
“Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha en archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 2165 de la ley.” (Énfasis suplido.)
Por otra paite, el Artículos II, Sección 2.16 (f), y el Artículo III, Sección 3.2 del Reglamento Procesal de la Comisión Apelativa, aprobado el 5 de octubre de 2004, disponen lo siguiente en cuanto a la notificación y la revisión judicial de la resolución emitida por dicho organismo administrativo:

“Sección 2.16(f) - Toda resolución final de la Comisión, excepto las Resoluciones por desistimiento voluntario, se notificará a las partes por correo certificado con acuse de recibo, y deberá archivar en autos copia de la decisión o resolución final y de la constancia de la notificación.

Sección 3.2 - El(la) Secretario(a) hará constar en los autos del caso, la fecha de la notificación y el nombre de las partes a quienes fue cursada la misma. El término para la revisión judicial comenzará a transcurrir desde la fecha del referido archivo en autos. ” (Énfasis suplido).
Como hemos expuesto, para que se activen y comiencen a decursar los términos jurisdiccionales o de cumplimiento estricto para presentar un recurso de revisión ante el tribunal apelativo, es necesario que la notificación de la determinación cuestionada se haya efectuado correctamente, es decir, a todas las partes en el pleito. En el caso específico de la Comisión Apelativa, su Reglamento específicamente dispone que la determinación de la agencia deberá ser notificada por correo certificado con acuse de recibo a todas las partes comparecientes.
III
Sabido es que los tribunales tienen la obligación de velar por su jurisdicción y que los tribunales apelativos no tienen discreción para asumir jurisdicción en un recurso donde la ley no se la confiere. Vázquez v. A.R.P.E., 128 D.P.R. 513, 537 (1991). Es doctrina reiterada que la jurisdicción no se presume, toda vez que, previo a la consideración de los méritos del recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. Sociedad de Gananciales v. A.F.F., 108 D.P.R. 644, 645 (1979). La ausencia de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela. Vázquez v. A.R.P.E., supra, a la página 537.
En el ámbito procesal, un recurso prematuro es aquél presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. Al igual que un recurso tardío, un recurso prematuro sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial administrativa para acogerlo, ni mucho menos para conservarlo con el propósito de reactivarlo posteriormente en virtud de una moción informativa. Empress Hotel, Inc. v. Acosta, 150 D.P.R. 208, 213 (2000). Ello no impide a las paites que presenten el recurso, que acudan nuevamente ante el foro correspondiente dentro del término jurisdiccional para solicitar revisión, una vez notificada adecuadamente la resolución. Juliá Padró v. Vidal, 153 D.P.R. _ (2001), 2001 J.T.S. 18, a la pág. 846. Opinión del 14 de febrero de 2001.
*367 IY
En el presente caso, la Comisión Apelativa emitió una Resolución el 10 de marzo de 2005 archivando con. perjuicio por falta de interés una apelación instada por los recurrentes el-18 de marzo de 2000. Conforme se desprende del expediente ante nos, las siguientes agencias comparecieron mediante sus correspondientes representantes legales y contestaron la apelación presentada y/o solicitaron la desestimación de la misma: A.R. P.E., el A.D.T., la entonces O.C.A.L.A.R.H., ahora Oficina de Recursos Humanos del Estado Libre Asociado de Puerto Rico. La misma fue notificada el 16 de marzo de 2005 a la representación legal de los recurrentes, el Ledo. Luis Hernández Cardona, y a la representación legal de A.R.P.E., la Leda. María S. Kortright Soler. No obstante, las demás paites no fueron incluidas en la notificación efectuada por la Coinisión Apelativa. Tampoco surge de la Resolución en Reconsideración que se hubiese notificado a todas las partes que comparecientes.
En conclusión, como norma general, todas las paites en un proceso administrativo, tienen que ser notificadas de la resolución que adjudica la controversia presentada ante el organismo administrativo. No es hasta que se haya efectuado una notificación adecuada a todas las partes que comienzan a transcurrir los términos jurisdiccionales para solicitar reconsideración y acudir en revisión al foro correspondiente.
Conforme a lo anterior, forzoso es concluir que la notificación realizada por la Comisión Apelativa el 16 de marzo de 2004 no fue hecha conforme a la ley, puesto que era imprescindible que le notificara a todas las partes en el caso la resolución emitida por dicha agencia el 10 de marzo de 2004. Toda vez que la misma no fue notificada adecuadamente a todas las partes para garantizarles el debido proceso de ley, los términos de reconsideración y de revisión judicial, no han comenzaron a decursar.
Y
Por los fundamentos antes expuestos, se desestima el recurso presentado por falta de jurisdicción y se devuelve el caso a la Comisión Apelativa para que notifique adecuadamente a todas las partes la Resolución recurrida.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones