Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| PUERTO RICO ASPHALT, LLC.<br><br>Recurrente<br><br>Vs.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE BAYAMÓN<br><br>Recurrido | KLRA202400533 | *Revisión* administrativa procedente de la Junta de Subastas del Municipio Autónomo de Bayamón<br><br>Subasta Núm.: 2 Serie 2024-205<br><br>Sobre: Impugnación de Adjudicación de Subastas |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de octubre de 2024.

En esta ocasión debemos **desestimar** el presente recurso de revisión judicial por los siguientes fundamentos.

**-I-**

En atención al resultado previamente anunciado, nos limitaremos a presentar los hechos procesales pertinentes del caso.

El **27 de septiembre de 2024**, *Puerto Rico Asphalt LLC* (en adelante; "PR Asphlat o recurrente") compareció ante este Tribunal mediante el recurso de revisión judicial de impugnación de subasta. Nos solicita que revisemos la *Resolución Núm. 33 Serie 2024–2025* (en adelante; "Resolución Núm. 33") de la *Junta de Subastas del Municipio Autónomo de Bayamón* (en adelante; "Junta de Subasta") emitida el 17 de septiembre de 2024.[1] En ésta, se adjudicó la *"Subasta Núm. 2 Serie 2024–2025, Mejoras a Infraestructura Vial*

---

[1] Notificada el 20 de setiembre de 2024.

Número Identificador
SEN2024_____

*Pavimentación y Repavimentación de Calles, Caminos y Ramales y Trabajos Relacionados".*[2]

Entre otras cosas, PR Asphalt señaló que la notificación de la Resolución Núm. 33 era defectuosa, esto al enmendarse unas tablas.[3] Dicha enmienda se envió mediante correo electrónico,[4] sin embargo, no se emitió una notificación enmendada.

Por su parte, la Junta de Subastas compareció ante nos el **1 de octubre de 2024**. Mediante su escrito reconoció que la notificación fue defectuosa, y que se proponía a emitir una nueva en cumplimiento con el ordenamiento jurídico.[5] Ante ello, solicitó la desestimación del presente recurso por falta de jurisdicción.

**-II-**

**-A-**

Bien sabemos que se exige de toda agencia una notificación correcta que es característica imprescindible del *debido proceso de ley*. El propósito que sirve la notificación es proteger el derecho de procurar la revisión judicial de la parte afectada por un dictamen *a quo* adverso.[6]

La notificación concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia y otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación.[7] Ante ello, resulta indispensable que se notifique adecuadamente cualquier determinación de la agencia que afecte los intereses de un ciudadano.[8]

---

[2] Apéndice 1 del Recurso del Recurrente, págs.1 – 17.

[3] Específicamente, las páginas 4 y 5 de la Resolución Núm. 33. *Véase*; Apéndice 4 del Recurso del Recurrente, págs. 20 – 21.

[4] Apéndices 3 y 4 del Recurso del Recurrente, págs. 19 – 21.

[5] La Junta de Subastas adujo que el 19 de septiembre de 2024, la División de Subastas envió, por error involuntario, un correo electrónico a los licitadores informándoles los errores en las tablas.

[6] *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310 (2006); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881 (1993).

[7] *Asoc. Vec. Altamesa Este v. Municipio de San Juan,* 140 DPR 24 (1996).

[8] *Mun. San Juan v. Plaza Las Américas*, supra; *Asoc. Vec. de Altamesa Este v. Mun. San Juan,* supra.

La notificación adecuada supone la advertencia de los siguientes preceptos: *(1) derecho a solicitar reconsideración de la decisión tomada; (2) derecho a solicitar revisión judicial o juicio de novo, según sea el caso; y (3) los términos correspondientes para ejercitar dichos derechos. El incumplimiento con alguno de estos requisitos resulta en una* <u>*notificación defectuosa,*</u> *por lo que no comienzan a transcurrir los términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen.*[9] Es decir, el deber de notificar a las partes una determinación administrativa de manera adecuada y completa **no constituye un mero requisito.**[10]

En resumen, si una parte no es notificada de la determinación de una agencia conforme a derecho, no se le pueden oponer los términos jurisdiccionales para recurrir de la determinación final.[11] Para que se activen y comiencen a transcurrir los términos jurisdiccionales o de cumplimiento estricto para presentar una moción de reconsideración o un recurso de revisión ante el Tribunal Apelativo, la Sec. 3.14 de la LPAU establece que la agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.[12]

**-B-**

Por otro lado, es norma conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. Por lo que estamos obligados a considerar dicho asunto aún en ausencia de un

---

[9] *Maldonado v. Junta Planificación,* 171 DPR 46 (2007); *Asoc. Vec. de Altamesa Este v. Mun. San Juan,* supra.
[10] *Río Const. Corp. v. Mun. de Caguas,* 155 DPR 394 (2001).
[11] *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998 (2008).
[12] 3 LPRA sec. 9654.

señalamiento de las partes a esos efectos.[13] Conforme a ello, las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y deben resolverse con preferencia a cualesquiera otras.[14] La jurisdicción no se presume toda vez que, previo a la consideración en los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender el mismo. [15]

La falta de jurisdicción de un tribunal no es susceptible de ser subsanada. Los tribunales carecen de discreción para asumir jurisdicción donde no la hay. Cuando un tribunal acoge un recurso a sabiendas de que carece de autoridad para entender en él, actúa ilegítimamente. Por ello, cuando un tribunal no tiene jurisdicción o autoridad para considerar un recurso, procede que se desestime el mismo.[16]

En ese sentido, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso por cualquiera de las instancias allí dispuestas, la cual reseñamos a continuación, en lo pertinente:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
>
> *(1) que el Tribunal de Apelaciones carece de jurisdicción.*
> *. . . . . . . .*
>
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[17]

### -III-

Este tribunal carece de jurisdicción para atender el recurso epígrafe. **Veamos.**

En esencia, PR Asphalt nos aduce que la notificación de la Resolución Núm. 33 es una defectuosa. Por su parte, la Junta de

---

[13] *Ponce Fed. Bank v. Chubb Life Ins. Co.*, 155 DPR 309 (2001).
[14] *S.L.G. Ramos Szendrey v. F. Castillo*, 169 DPR 873, (2007).
[15] *Sociedad de Gananciales v. A.F.F.*, 108 DPR 644 (1979).
[16] *S.L.G. Szendrey Ramos v. F. Castillo,* supra; *Souffront v. A.A.A.*, 164 DPR 663 (2005).
[17] *Reglamento del Tribunal de Apelaciones*, 4 LPRA Ap. XXII-B, R. 83.

Subastas aceptó que no notificó correctamente la resolución, y señaló que todo se debió a un error involuntario. Añadió, que pretendía emitir una nueva notificación conforme a derecho, por lo que solicitó la desestimación del presente recurso por ser prematuro.

Ante tal señalamiento, es forzoso concluir que los términos para recurrir ante nos, no han comenzado a decursar, por lo que carecemos de jurisdicción para atender el recurso revisión de epígrafe.

Conforme a lo antes expuesto, la Junta de Subastas deberá notificar a todas las partes adecuadamente.

**-IV-**

Por los fundamentos antes expresados, se **desestima** el recurso de revisión de subasta de epígrafe.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones