<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX</td></tr>
<tr>
<td>UNI-GOLD DEVELOPMENT, CORP. LUMAR DEVELOPMENT, CORP. N AND H.A.M., INC. & REAN DEVELOPMENT, CORP.<br><br>Recurrentes<br><br>v.<br><br>DEPARTAMENTO DE LA VIVIENDA<br><br>Recurrido</td>
<td>KLRA202400590</td>
<td><i>Revisión</i> Judicial Procedente del Departamento de la Vivienda de Puerto Rico<br><br>Sobre: Impugnación de Subasta CDBG-DRMIT-RFP-2023-08</td>
</tr>
<tr>
<td>WID, LLC<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE LA VIVIENDA<br><br>Recurrido</td>
<td>KLRA202400594</td>
<td>Revisión Judicial Procedente del Departamento de la Vivienda de Puerto Rico<br><br>Sobre: Impugnación de Subasta CDBG-DRMIT-RFP-2023-08</td>
</tr>
<tr>
<td>FINCA ADELA, LLC.<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE LA VIVIENDA<br><br>Recurrido</td>
<td>KLRA202400595</td>
<td>Revisión Judicial Procedente del Departamento de la Vivienda de Puerto Rico<br><br>Sobre: Impugnación de Subasta CDBG-DRMIT-RFP-2023-08</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de noviembre de 2024.

En esta ocasión debemos **desestimar** los recursos de revisión judicial de epígrafe por los siguientes fundamentos.

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes del caso.

El **29 de septiembre de 2023**, el Departamento de la Vivienda de Puerto Rico (en adelante; DVPR), bajo el programa de fondos federales del Deparment of Housing and Urban Development (HUD) publicó un Requerimiento de Propuestas identificado como CDBGDRMIT-RFP-2023-08 (en adelante; RFP), con el fin de seleccionar compañías interesadas en la construcción de nuevos proyectos de vivienda unifamiliares.

El **29 de diciembre de 2023**, la División de Adquisición del DVPR recibió un total de 42 propuestas para el referido RFP. De esas, solo 2 fueron descalificadas por incumplimiento con los requisitos.

Tras una revisión y análisis del Comité de Evaluación, fueron recomendadas 17 propuestas. Así, el **30 de septiembre de 2024** la Junta de Subastas del DVPR adjudicó el RFP a los siguientes 12 proponentes:

> Océano Development, LLC; Jennymar Corporation; JMC DEV, LLC; HH Rodríguez, LLC; Marcelo Electro (Hacienda Somar); Desarrollo de la Vega, Inc.; Paradise 70, LLC; NFD Construction, LLC; Alturas del Llano, LLC; CC Comercial Development, LLC; Toscana Sur CDBG-MIT, LLC; Sagrado Corazón Housing JV, LLC.

El **1 de octubre de 2024**, la Junta de Subastas del DVPR notificó la Resolución de la Junta de Subastas del DVPR y el Aviso de Adjudicación en la que explicó la adjudicación o rechazo de las solicitudes de propuestas en el RFP para las Iniciativas de Desarrollo de Viviendas Unifamiliares II-CDBG-DRMIT-RFP-2023-08.

En lo pertinente a la notificación para acudir en revisión la referida Resolución dispuso lo siguiente:

> The Bid Board Resolution shall be notified to all persons or legal entities who submitted Proposals in response to the RFP-2023-08.
> The Notice of Award shall indicate that any party that considers itself to have been adversely affected by an order or final resolution from the PRDOH made under the provisions of Regulation 9506 may file a request for judicial review before the Court of Appeals within twenty (20) days from the date on which a copy of the Notice of Award was duly notified, as set forth in Section 4.2 of Act 38-2017, as amended, known as Uniform Administrative Procedures Act of the Government of Puerto Rico. Also see Act No. 201-2003, as amended, known as the Judiciary Act of e Commonwealth of Puerto Rico of 2003, 4 LPRA 24 et seq.

El **21 de octubre de 2024**, las compañías Uni-Gold Development Corp. (en adelante; UGD); Lumar Development Corp. (en adelante; Lumar); N and H.A.M. Inc. (en adelante; N and H.A.M.); y Rean Development Corp. (en adelante; Rean), comparecieron conjuntamente ante este Tribunal de Apelaciones. En esa misma fecha, compareció Finca Adela, LLC (en adelante; Finca Adela) ante nos.

Por último, el **22 de octubre de 2024** WID, LLC (en adelante; WID) presentó su recurso de revisión judicial llamándonos a la atención de que la Resolución de la Junta de Subastas del DVPR y el Aviso de Adjudicación era defectuosa ya que no cumplía con los requisitos de notificación exigidos en la Ley 38-2017 de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, por lo que carecíamos de jurisdicción.

El **23 de octubre de 2024**, emitimos una Resolución en la que denegamos una moción en auxilio de jurisdicción. No obstante, ordenamos a paralizar los procedimientos hasta que se adjudicara el asunto en sus méritos.

El **12 de noviembre de 2024**, el DVPR presentó el alegato en oposición. Así, el **14 de noviembre de 2024** dimos por perfeccionado el recurso de revisión judicial de epígrafe para nuestra consideración.

## -II-

### -A-

Es norma harto conocida que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. Por lo que estamos obligados a considerar dicho asunto aún en ausencia de un señalamiento de las partes a esos efectos.[1] Conforme a ello, **las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y deben resolverse con preferencia a cualesquiera otras**.[2] La jurisdicción no se presume toda vez que, previo a la consideración en los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender el mismo. [3]

La falta de jurisdicción de un tribunal no es susceptible de ser subsanada. Los tribunales carecen de discreción para asumir jurisdicción donde no la hay. Cuando un tribunal acoge un recurso a sabiendas de que carece de autoridad para entender en él, actúa ilegítimamente. Por ello, cuando un tribunal no tiene jurisdicción o autoridad para considerar un recurso, procede que se desestime el mismo.[4]

### -B-

Resulta fundamental recordar que el objetivo de exigir que las obras y la contratación que realiza el Gobierno se efectúe mediante el proceso de subasta, es *proteger los intereses y el dinero público*. Este mecanismo intenta *promover la competencia, lograr los mejores precios, evitar el favoritismo y la corrupción, el descuido en la otorgación de los contratos y minimizar los riesgos de incumplimiento.*[5]

---

[1] *Ponce Fed. Bank v. Chubb Life Ins. Co.*, 155 DPR 309 (2001).
[2] *S.L.G. Ramos Szendrey v. F. Castillo*, 169 DPR 873, (2007).
[3] *Sociedad de Gananciales v. A.F.F.*, 108 DPR 644 (1979).
[4] *S.L.G. Szendrey Ramos v. F. Castillo,* supra; *Souffront v. A.A.A.*, 164 DPR 663 (2005).
[5] *AEE v. Maxon*, 163 DPR 434, 439 (2004).

En lo que respecta a los procesos de licitación pública, no existe ley que regule dichos procedimientos con uniformidad. En este sentido, la Sección 3.19 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante; LPAUG),[6] establece lo siguiente:

Los procesos de licitación pública se celebrarán de conformidad a la Ley 73-2019, según enmendada,[7] salvo los procesos de licitación pública municipal que se realizarán de conformidad a la Ley 107-2020, según enmendada.[8] **Las agencias administrativas bajo la definición de Entidades Exentas para fines de la Ley 73-2019, vendrán obligadas a adoptar los métodos de licitación y compras excepcionales y a seguir los procedimientos establecidos en la Ley 73-2019, al momento de realizar sus compras y subastas de bienes, obras y servicios no profesionales. Las Entidades Exentas de la Ley 73-2019, deberán además cumplir con los términos y procesos que se establecen en esta Ley y en la Ley 73-2019**.

La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.

Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. **La presentación del recurso de revisión administrativa ante la Junta**

---

[6] Ley Núm. 38 de 30 de junio de 2017, 3 L.P.R.A. Sec. 9659.
[7] *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, 3 L.P.R.A. Sec. 9831 *et als.*
[8] Código Municipal de Puerto Rico, 21 L.P.R.A. Sec. 7001 *et als.*

**Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones**.[9]

Nótese, que los procedimientos de adjudicación de subastas serán informales, y que, —**con excepción de las etapas de reconsideración y revisión judicial**—, las agencias son las que tienen la facultad para establecer los reglamentos y términos necesarios para establecer sus normas y condiciones.[10] En otras palabras, independientemente de si la adjudicación de la subasta pública se hizo bajo la Ley 73-2019, Ley 107-2020 o una Entidad Exenta, la parte adversamente afectada podrá presentar una solicitud de revisión administrativa ante la **Junta Revisora de Subastas de la Administración de Servicios Generales** dentro del término de diez (10) días calendario. Dicha presentación es un requisito de carácter **jurisdiccional** que debe ser cumplido antes de radicar un recurso de revisión judicial en este Tribunal de Apelaciones.

En el caso que nos ocupa, el proceso de subasta está regulado por el *Procurement Manual for the CDBG-DR, CDBG-MIT, and CDBG State Programs, Number 9506* del 25 de septiembre de 2023, del Departamento de la Vivienda de Puerto Rico (en adelante; Reglamento Núm. 9506 del DVPR).[11]

En específico, el Artículo I de la Sección 1.4 del Reglamento Núm. 9506 del DVPR fue creado con el siguiente propósito:

> El propósito de este Manual es establecer normas y pautas para la adquisición de bienes, suministros/equipos, construcción, ingeniería, arquitectura y otros servicios profesionales y no profesionales para el Programa de Subvención en Bloque para el Desarrollo Comunitario - Programa de Recuperación de Desastres (**Programa CDBG-DR o CDBG-DR**)/Subvención en Bloque para el Desarrollo Comunitario - Programa de Mitigación (**Programa CDBG-MIT o CDBG-MITJ**), y Programa Estatal de Subvención en

---

[9] Énfasis nuestro.
[10] Véanse, *Trans Ad. De PR v. Junta de Subastas*, 174 DPR 56, 66 (2008); *Perfect Cleaning v. Cardiovascular*, 162 DPR 745, 757 (2004).
[11] Véase, *Manual de Adquisiciones para los Programas Estatales CDBG-DR, CDBG-MIT y CDBG, Número 9506,* Departamento de la Vivienda de Puerto Rico. Aprobado el 25 de septiembre de 2023.

Bloque para el Desarrollo Comunitario (**Programa Estatal CDBG o Programa Estatal CDBG**). Asegurar que las adquisiciones se lleven a cabo de una manera que proporcione una competencia completa y abierta o un trato justo de todas las personas o entidades involucradas en los procesos de adquisiciones estatales CDBG-DR, CDBG-MIL y CDBG del Departamento de la Vivienda que estén financiadas total o parcialmente con fondos federales.[12] [Traducción nuestra al español].

A esos fines, el Artículo IV del Reglamento Núm. 9506 del DVPR crea la Junta de Subasta o Licitación. La misma está cargo de evaluar y adjudicar ofertas y propuestas en los procesos de subastas formales e informales (RFP) para la adquisición de bienes o servicios no personales y servicios profesionales, a través de un proceso formal de adquisición que el Departamento de la Vivienda de P.R., lleva a cabo bajo los Programas Estatales CDBG-DR, CDBGMIT y CDBG, de acuerdo con la normatividad aplicable.[13]

Ahora bien, la **etapa de revisión judicial** de la subasta se encuentra reglamentada por la Sección 17.1 del Artículo XVII del Reglamento Núm. 9506 del DVPR[14] y la Sección 3.19 de la LPAUG.[15]

En lo que respecta a la Sección 17.1 del Reglamento Núm. 9506 del DVPR, se dispone:

> Las disputas, protestas de licitaciones y otras reclamaciones de contratistas relacionadas con licitaciones o contratos, cuyos montos excedan el Umbral de Adquisición Simplificado del Departamento de la Vivienda se manejarán de acuerdo con este Manual.

---

[12] A continuación la versión original en inglés:
**ARTICLE I GENERAL PROVISIONS**
**Section 1.4 Purpose**
The purpose of this Manual is to establish standards and guidelines for the procurement of goods, supplies/ equipment, construction, engineering, architectural, and other professional and non-professional services for PRDOH's Community Development Block Grant - Disaster Recovery Program (**CDBG-DR Program or CDBG-DR**)/ Community Development Block Grant - Mitigation Program (**CDBG-MIT Program or CDBG-MITJ**), and Community Development Block Grant State (**CDBG State Program or CDBG State**) Program. To ensure procurements are conducted in a manner that provides full and open competition or fair treatment of all persons or entities involved in PRDOH's CDBG-DR, CDBG-MIL and CDBG State procurement processes which are funded totally or partially with federal funds.
Véase, el Artículo I, Sección 1.4 del Reglamento Núm. 9506 del DVPR.
[13] En cuanto a la definición de la Junta de Subasta, véase, el Artículo II, inciso (f) del Reglamento Núm. 9506 del DVPR.
[14] Véase, el *ARTÍCULO XVII RECURSOS ADMINISTRATIVOS Y DE APELACIÓN Sección 17.1 Procedimiento Administrativo (Revisión Judicial) Determinaciones por parte del Departamento de la Vivienda,* del Reglamento Núm. 9506 del DVPR.
[15] 3 L.P.R.A. Sec. 9672.

> Cualquier persona, parte o entidad que considere haber sido perjudicada por una decisión de la Junta de Subasta tomada bajo las disposiciones de este Manual, podrá presentar una petición de Revisión Judicial ante el Tribunal de Apelaciones de Puerto Rico dentro de los veinte (20) días calendario a partir de la fecha en que se presentó una copia del Aviso de Adjudicación o Aviso de Selección en el registro de la agencia. **Véase la Ley Núm. 201-2003, según enmendada, conocida como la Ley del Poder Judicial del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA § 24 et seq.,[16] y la sección 4.2 de LPAUG, 3 LPRA 9672**.[17] [Énfasis y traducción nuestra al español].

Nótese que en la parte final de la transcrita Sección 17.1 nos refiere a la Sección 4. 2 de la LPAUG, que en específico, en los casos de impugnación de los procesos de licitación pública nos refiere a la antes citada Sección 3.19 de la LPAUG. En lo pertinente, veamos:

> [...]
>
> **En los casos de impugnación de procesos de licitación pública, la parte adversamente afectada** por una orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales **podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones** dentro de un término de veinte (20) días calendario contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales o **dentro del término de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley.** La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el

---

[16] Véase, el Artículo 4.006 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.* — Competencia del Tribunal de Apelaciones. El Tribunal de Apelaciones conocerá de los siguientes asuntos:

(a) [...]
(b) [...]
(c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. En estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el Tribunal. El procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico" [Nota: Derogada y sustituida por la Ley 38-2017].
(d) [...]. 4 L.P.R.A. Sec. 24y.

[17] A continuación la versión original en inglés:

**ARTICLE XVII ADMINISTRATIVE AND APPELLATE REMEDIES Section 17.1 Administrative Procedure (Judicial Review) Determinations by PRDOH**

Disputes, bid protests, and other contractor claims related to bids or contracts, which amounts exceed the Simplified Acquisition Threshold from PRDOH shall be handled in accordance with this Manual. Any person, party, or entity that considers itself having been adversely affected by a decision of the Bid Board made under the provisions of this Manual, may file a petition for Judicial Review before the Court of Appeals of Puerto Rico within twenty (20) calendar days from the date on which a copy of the Notice of Award or Notice of Selection was filed in the record of the agency. See Act No. 201-2003, as amended, known as the Judiciary Act of the Commonwealth of Puerto Rico of 2003, 4 LPRA § 24 *et seq* and section 4.2 of LPAUG, 3 LPRA 9672.

efecto de paralizar la adjudicación del proceso de licitación pública impugnado.

Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.

La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa, sea esta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de esta Ley.[18]

En resumen, según se dispuesto en la LPAUG, **en los casos de impugnación de procesos de licitación pública, la parte adversamente afectada podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones dentro del término de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley.**

**-C-**

A tono con lo antes dicho, se exige de la agencia una notificación correcta que es característica imprescindible del *debido proceso de ley*. El propósito que sirve la notificación es proteger el derecho de procurar la revisión judicial de la parte afectada por un dictamen *a quo* adverso.[19]

La notificación concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia y otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación.[20] Ante ello, resulta indispensable que se notifique adecuadamente cualquier determinación de la agencia que afecte los intereses de un ciudadano.[21]

La notificación adecuada supone la advertencia de los siguientes preceptos: *(1) derecho a solicitar reconsideración de la*

---

[18] Sección 4.2 de la LPAUG, 3 L.P.R.A. Sec. 9672. Énfasis nuestro.
[19] *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310 (2006); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881 (1993).
[20] *Asoc. Vec. Altamesa Este v. Municipio de San Juan*, 140 DPR 24 (1996).
[21] *Mun. San Juan v. Plaza Las Américas*, supra; *Asoc. Vec. de Altamesa Este v. Mun. San Juan*, supra.

*decisión tomada; (2) derecho a solicitar revisión judicial o juicio de novo, según sea el caso; y (3) los términos correspondientes para ejercitar dichos derechos. El incumplimiento con alguno de estos requisitos resulta en una <u>notificación defectuosa</u>, por lo que no comienzan a transcurrir los términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen.*[22] Es decir, el deber de notificar a las partes una determinación administrativa de manera adecuada y completa ***no constituye un mero requisito.***[23]

En resumen, si una parte no es notificada de la determinación de una agencia conforme a derecho, no se le pueden oponer los términos jurisdiccionales para recurrir de la determinación final.[24] Para que se activen y comiencen a transcurrir los términos jurisdiccionales o de cumplimiento estricto para presentar una moción de reconsideración o un recurso de revisión ante el Tribunal Apelativo, la Sección 3.14 de la LPAUG requiere que se haya notificado con copia simple la determinación cuestionada por correo ordinario o electrónico a las partes, y sus abogados de tenerlos, a la brevedad posible y se deberá archivar en autos copia de la orden o resolución y de la constancia de la notificación. No se podrá requerir a una parte el cumplimiento con una resolución final, a menos que haya sido notificada de la misma.[25]

-III-

En el presente caso, al examinar la *notificación* de la Resolución de la Junta de Subastas del DVPR y el Aviso de Adjudicación, advertimos que la misma es inoficiosa toda vez que no

---

[22] *Maldonado v. Junta Planificación,* 171 DPR 46 (2007); *Asoc. Vec. de Altamesa Este v. Mun. San Juan,* supra.
[23] *Río Const. Corp. v. Mun. de Caguas,* 155 DPR 394 (2001).
[24] *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998 (2008).
[25] 3 L.P.R.A. Sec. 9654.

se hizo conforme a derecho; lo cual nos priva de jurisdicción para atener el recurso de revisión judicial en sus méritos. Nos explicamos.

Conforme al derecho antes discutido, la Resolución de la Junta de Subastas del DVPR y el Aviso de Adjudicación debió haber sido notificada a tono con lo establecido por la Sección 3.19 de la LPAUG, que en lo pertinente dispone:

> **La parte adversamente afectada** por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.
>
> Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. **La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.**[26]

El DVPR nos indica que la Junta de Subastas del DVPR no está obligada a notificar la Resolución de Adjudicación recurrida a tono con la citada Sección 3.19 de la LPUG, ya que la Determinación

---

[26] Énfasis nuestro.

Administrativa Núm. 2021-01 le exime de la aplicación de la Ley 73-2019, según enmendada.[27] No tiene razón.

Es cierto que el DVPR tiene la facultad para establecer los reglamentos y términos necesarios para establecer sus normas y condiciones en los procedimientos de licitación. No obstante, ello queda limitado en **las etapas de reconsideración y revisión judicial**, pues la parte final de la Sección 17.1 del Reglamento Núm. 9506 del DVPR, *supra*, nos refiere a la Sección 4. 2 de la LPAUG, que en lo concerniente a los casos de impugnación de los procesos de licitación pública, nos vuelve a referir a la antes citada Sección 3.19 de la LPAUG. En ese sentido, la presentación del recurso de revisión administrativa ante la **Junta Revisora de Subastas de la Administración de Servicios Generales** es un requisito **jurisdiccional** antes de presentar un recurso de revisión judicial ante este Tribunal de Apelaciones.

A tono con lo antes dicho, es forzoso concluir que los términos para recurrir ante nos, no han comenzado a decursar, por lo que carecemos de jurisdicción para atender los recursos de revisión de judicial de epígrafe por prematuro. Por lo tanto, la Junta de Subasta del DVPR deberá notificar a todas las partes adecuadamente.

**-IV-**

Por los fundamentos antes expresados, se **desestiman** los recursos de revisión judicial de epígrafe. Así, se ordena a la Junta de Subasta del DVPR a notificar adecuadamente a todas las partes, de conformidad al derecho aquí intimado para que los términos comiencen a decursar y las partes adversamente afectadas puedan recurrir a la **Junta Revisora de Subastas de la Administración de Servicios Generales.**

---

[27] *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, supra.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones